## Lippincott and Wife *versus* Hopkins.

1. A count against a married woman on a contract for necessary repairs to her separate estate, averring that she was authorized to contract therefor by her husband, may be joined with a count averring that she requested the work to be done.

2. The husband should be joined, but if the wife alone appeal from the alderman's judgment the case can be tried on her pleas, and a separate recovery had against her without any issue joined as to the husband.

3. A married woman is liable for repairs to her separate estate made at her request, and necessary for its preservation and enjoyment.

February 25th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: No. 434, to January Term 1867.

This was a suit before an alderman, by John S. Hopkins against Wallace Lippincott and Mary Ann his wife. A judgment for $49.85 was obtained, and the plaintiff in error appealed. That appeal was tried in the Common Pleas, and a verdict had for the plaintiff below. The *narr.* contained numerous counts. Those which were sustained by the court below, on demurrer, and upon

[Lippincott v. Hopkins.]

which judgment was entered, charged in substance, that on the 6th day of September 1862, the said Mary Ann Lippincott, being a married woman, then and there, to wit, subsequently to the passage of the Act of Assembly, &c., entitled as aforesaid, and then and there having and enjoying her own separate estate, hired and employed plaintiff to furnish work, labor and materials on and for the same, being necessary for said estate; and the plaintiff avers, that on the day and year aforesaid, at city aforesaid, he bestowed, did and performed and furnished work, labor and materials, in, about, upon and for said separate estate of Mary Ann Lippincott to the amount of $100, and that the same was necessary therefor.

The other counts averred that Mary Ann Lippincott was a married woman, and subsequently to the passage of the act entitled as aforesaid and possessing and enjoying her own separate estate, she became indebted to plaintiff in $100 for work done and materials furnished in and about the separate estate, &c., which work, &c., plaintiff averred was necessary for said estate—was done at her request, and that by reason thereof she received the rents, &c., in consideration whereof she promised to pay, &c.

Another count was like the preceding, averring that, enjoying her separate estate and being authorized so to do by her said husband, she became indebted, &c.

Other counts in indebitatus assumpsit were added, averring work done at her request necessary for her separate estate; that she hired plaintiff to do the work necessary for said estate; and concluding with an averment of her promise in consideration thereof to pay plaintiff.

She pleaded coverture, non assumpsit and payment.

The case was tried before Brewster, J., who charged the jury as follows :—

" As a general principle the contract of a married woman is void and there can be no recovery thereon.

" It is, however, contended that under our Act of April 11th 1848, a married woman is liable to suit in certain cases :—

" 1. Where the debt is contracted by the wife and incurred for articles necessary for the support of the family of the husband and wife: Murray v. Keys, 11 Casey 390.

" 2. Where the debt is contracted by the wife for the improvement of her separate estate, where the repair is necessary to preserve her property from dilapidation and to render it tenantable.

" We have nothing now to do with the first class. The plaintiff contends that this defendant is liable under the second class of cases. The questions for you to determine are :—

" 1. Did she contract with the plaintiff?

" 2. For repairs to her *separate estate?*

" 3. Were those repairs necessary to preserve the property from dilapidation and to render it tenantable?

[Lippincott *v.* Hopkins.]

" Was her separate estate, prior to these repairs, in such a condition that defendant could not live in it or rent it? If you find any one of these points against the plaintiff, then you need go no further, but simply render a verdict for defendant. If you find all these points in favor of the plaintiff, then you will proceed to inquire whether he did the work and furnished the materials as claimed by him, and if so, what was the value thereof according to the evidence?

" I have been requested by Mrs. Lippincott's counsel to charge you as follows :—

"1. That the contract of a married woman is void at law and no recovery can be had under such a contract in this case.

" Answer : As a general principle the contract of a married woman is void, but she *is* liable thereon in the cases enumerated in our Acts of Assembly, as explained in the charge.

" 2. That a separate recovery cannot be had against a married woman who is joined in the action with her husband.

" 3. That a recovery, if at all, in this case must be had against the husband of defendant, as the law makes him liable for work and labor done for his wife.

" 4. That the pleadings in this case show that the defendants are husband and wife, and as there is no issue joined as to him, there cannot be a separate verdict against the wife.

" 5. That under the pleadings in this case the verdict should be for the defendant."

The court declined to charge as requested in the last four points.

There was a verdict for plaintiff, and the court having entered judgment in his favor, this writ of error was sued out and errors assigned in declining to charge as requested in the 2d, 3d, 4th and 5th points as above noted.

*A. Thompson*, for plaintiff in error, argued that the wife was not liable—that no replication had been filed to her plea of coverture, and that no declaration had been filed or issue joined as to the husband. He cited Glyde *v.* Keister, 8 Casey 85.

*Lucas Hirst*, for defendant in error, argued that the proceedings were regular and the charge correct. He cited Mahon *v.* Gormley, 12 Harris 80; Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251; Gallagher *v.* Jackson, 1 S. & R. 492.

The opinion of the court was delivered by

AGNEW, J.—There is no inconsistency between the counts of the declaration. The averment that Mrs. Lippincott was authorized to become indebted to the plaintiff for the work and material

[Lippincott *v.* Hopkins.]

furnished by him is not inconsistent with the express averment that she herself requested the work to be done, and became indebted for it on account of its being necessary for her separate estate. It is simply an averment *ex majore cautela* to show the husband's express assent to the act of his wife, but the act is clearly and expressly averred to be hers.

The husband was regularly joined with the wife in the action and thus satisfied the legal requirement. That the wife may appeal and prosecute the action afterwards alone is fully sustained by the case of Murray *v.* Keyes, 11 Casey 384. See also 1 Wright 251; 1 S. & R. 492. The declaration shows that the wife contracted the debt and that it was contracted for that which was necessary to preservation and enjoyment of her separate estate. Thus bringing the case within the decisions already cited. This is a sufficient answer to all the errors assigned, and the judgment is affirmed.