# Lippincott *versus* Leeds.

1. A married woman is liable for repairs to her separate estate made at her request, and necessary for its preservation and enjoyment.

2. Her liability is the result of her rights and the disabilities of her husband under the Act of April 11th 1848: her rights of property imply a power to repair.

3. Lippincott *v.* Hopkins, 7 P. F. Smith 328, followed; Moore *v.* Cornell, 18 Id. 323, distinguished.

February 12th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:*   Of January Term 1873.   No. 234.

This was an action of assumpsit, brought November 17th 1869, by Joseph Leeds against Wallace Lippincott and Mary Ann Lippincott his wife.

The declaration was: In the first count — that plaintiff, at the request of "defendants," furnished materials and repaired two houses, and the "defendants" promised to pay him for his services and the materials. In the second conut — that the plaintiff, at the request of the defendant, Mary Ann Lippincott, furnished materials and repaired two houses "of the defendant, Mary Ann Lippincott," who promised to pay him for the materials and labor in the repair. In the third count—that plaintiff, at the

[Lippincott *v.* Leeds.]

request of Mary Ann Lippincott, undertook to furnish materials and repair two houses of Mary Ann Lippincott, who promised to pay plaintiff for his labor and materials in the repair, and that the repair " was necessary for the preservation and enjoyment of said houses," and therefore the said Mary Ann became liable to pay plaintiff so much as the labor and material were worth; " the said two houses being the separate estate of said defendant, Mary Ann Lippincott." The fourth count was the common count for work and labor and materials.

After plea of non-assumpsit and replication, the death of Wallace Lippincott was suggested. Mary Ann Lippincott, the surviving defendant, pleaded that, at the time of the alleged promises, &c., and before the supposed causes of action accrued, she was a married woman, the wife of Wallace Lippincott. The plaintiff replied that the work, &c., was at the request of Mary Ann Lippincott, on her own separate estate, &c.

The case was tried by Lynd, J., October 9th 1872.

The plaintiff testified that Mrs. Lippincott came to him in July 1867, to cover her roofs and do some painting; she ordered the work done. It was done in July and August 1867, and in September 1868.

Mrs. Lippincott, defendant, testified that she was a married woman when the work was done; she was owner of the property on which the repairs were done; had bought it when she was married.

There was evidence by both parties as to the value of the work and materials, their character, &c.

The defendant submitted, amongst others, the following points, which were refused:

4. There being no evidence of any employment of plaintiff on the part of Mr. Lippincott, or to which he assented, and the defendant, Mary Ann Lippincott, having been a married woman, the plaintiff cannot recover in this action.

5. A married woman cannot be held liable for any such indebtedness as is claimed by the plaintiff in this case.

6. Under the pleadings and evidence in this case the plaintiff cannot recover.

7. The verdict should be for the defendant.

The verdict was for plaintiff for $173.90.

The defendant took a writ of error, and, amongst other errors, assigned the refusal of the foregoing points.

*J. H. Sloan*, for plaintiff in error.—A married woman cannot dispose of her property without her husband's consent: Mahon *v.* Gormley, 12 Harris 82. The proviso of the Married Woman's Act of 1848 relates only to debts contracted before marriage: Glyde *v.* Keister, 8 Casey 87; Bear *v.* Bear, 9 Id. 526; Williams *v.*

[Lippincott *v.* Leeds.]

Coward, 1 Grant 21; Brunner's Appeal, 11 Wright 73; Moore *v.* Cornell, 18 P. F. Smith 323; Murray *v.* Keyes, 11 Casey 389.

*G. Sergeant* (with whom was *G. W. Dedrick*), for defendant in error.—Under the Act of 1848 a married woman is liable for a debt contracted by herself: Mahon *v.* Gormley, 12 Harris 82; Heugh *v.* Jones, 8 Casey 433; Murray *v.* Keyes, 11 Id. 384; Lyons *v.* Swayne, 7 Phila. R. 154; Lippincott *v.* Hopkins, 7 P. F. Smith 328.

Judgment was entered in the Supreme Court, February 23d 1875,

PER CURIAM.—It has been held in several cases that a married woman is liable for repairs to her separate estate, made at her request, and necessary for its preservation and enjoyment. The last case is Lippincott & Wife *v.* Hopkins, 7 P. F. Smith 328, and the point is there directly ruled. There is no express statutory provision covering the case; but this liability is the necessary result of the rights of the wife and disabilities of the husband, conferred by the Act of 11th April 1848. Vain would be its enactment, that the property of a married woman shall be owned and enjoyed by her as her own separate property, and shall not be subject to the debts of her husband, or in any manner transferred or encumbered by him, if she have no power to take care of it and preserve it from ruin. If the roof of her house be blown off by a storm, or sink into utter decay, so that the building becomes untenantable, what is to become of it if she cannot repair it? Her husband may be unable or unwilling to advance the money. It is said she can borrow it; but this supposes the property to be a sufficient security, and that the husband will unite in a mortgage of it, and also that the creditor will be willing to risk the application of the money advanced, over which he has no control after it has passed out of his hands. The rights of property of the wife necessarily imply a power to repair. To what extent the wife can improve her property, or make extensive and expensive repairs by contracts binding on her, was probably the doubt in the mind of our brother who stated it in Moore *v.* Cornell, 18 P. F. Smith 323. But clearly there can be no reason to doubt her power to charge her estates for proper and really necessary repairs.

Judgment affirmed.