## SELLERS AND WIFE v. HEINBAUGH ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF SOMERSET COUNTY.

Argued February 9, 1887—Decided October 17, 1887.

As a married woman is not bound to the obligee of a bond for money borrowed on the credit of the sureties thereto though applied to the repair and improvement of her separate estate, so is she not liable to such sureties for money paid by them in discharge of such bond.*

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ.; PAXSON and CLARK, JJ., absent.

* See § 2 of the act of June 3, 1887, P. L. 333.

No. 197 July Term 1886, Sup. Ct.; court below, No. 161 September Term, 1885, C. P.

This cause was commenced by attachment in assumpsit under the act of March 17, 1869, by David H. Heinbaugh, Andrew Coughenour and Jonas Meyers against Wm. H. Sellers and Maggie Sellers, his wife.

On March 9, 1882, John Blubaugh loaned to Mr. and Mrs. Sellers the sum of $500, taking an exemption note under seal with warrant of attorney to enter judgment thereon, signed by Mr. and Mrs. Sellers, David Heinbaugh, Andrew Coughenour and Jonas Meyers, the three last named persons being sureties. At the time of receiving this money it was represented to the sureties signing, that the money was to be used to repair and improve a mill property the title to which was in Mrs. Sellers. Judgment was entered on said note on February 23, 1884, and execution issued thereon. On January 20, 1885, on motion and rule the court struck the name of Maggie Sellers from the record of the judgment and execution. The sureties soon afterwards paid the judgment. On June 26, 1885, Mrs. Sellers made a public sale of her personal property, preparatory to a removal to the west, and the next day the said sureties began the attachment proceedings, summoning as garnishees certain persons who had purchased property at said sale. The declaration claimed the amount of money paid by the plaintiffs to John Blubaugh on the judgment referred to.

On the trial, on March 4, 1886, before W. J. BAER, P. J., the following points were presented by the defendants for instructions :—

1. That as Maggie Sellers, the defendant, was a married woman at the time the note of 9th March, 1882, was given, her contract therein was void, even if the jury believe that the money was borrowed from Blubaugh for the improvement of the separate estate of said Maggie Sellers, was necessary to the same and actually so applied, and the verdict must be for the defendant.[1]

2. That as the plaintiffs sue to recover in this case for moneys paid by them as bail for Maggie Sellers, there is no liability on her part, she being a married woman, even if the

jury believe that the money borrowed from Blubaugh, and for which the note was given, on which the plaintiffs became sureties, was for the improvement of her separate estate, was necessary to the same, and actually so applied, and the verdict must be for the defendants.[2]

3. That as the foundation of the plaintiffs' claim is as bail on a note for Maggie Sellers, on which judgment was entered, and from which she was released from all liability, there can be no recovery by the plaintiffs, and the verdict must be for the defendants.[3]

4. That under all the evidence in this case the verdict must be for the defendants.[4]

These points were all refused by the court and under instructions so to do the jury found the following special verdict:—

The jury find the facts in this case to be, that Maggie Sellers, wife of W. H. Sellers, the defendant, owned a one half interest in a grist mill, the dam and race of which were out of repair, and the mill so constructed that the miller could not make good flour. That she borrowed five hundred dollars from John Blubaugh on her note with her husband joining, and with the plaintiffs as her bail on the note. That Blubaugh loaned the money on the strength and faith of the bail and not on any contemplated repair or improvement of her property. That her purpose in borrowing the money was to procure it to improve and repair the race, dam and mill, and that the money was expended in making the improvements and repairs, and that the same were necessary to be made and the repairs made at her direction. That the note was a judgment note, and was entered of record and a fi. fa. issued thereon; that thereupon she applied to the court and obtained a rule to show cause why the writ should not be stayed as to her, and her name stricken from the record of the judgment, which rule was, on ground of coverture, made absolute. And they further find that after the improvements had been made, the plaintiffs paid the note and judgment, part thereof to the sheriff and part to David Vought, the executor of John Blubaugh, deceased. That the jury are ignorant in point of law, on which side they ought, on these facts, to find the issue. That if upon the whole matter the court should be of opinion that the issue is proven for the plaintiffs, they find for the

plaintiffs and assess the damages at the sum of $631.96, but if the court are of an opposite opinion, then we find for the defendants.

Subsequently the court filed the following opinion and decree :—

[The jury having found a special verdict as above, the court on due consideration, after hearing argument of counsel pro and con. is of opinion that on the facts found and as to which there can be no controversy, the issue is proven for the plaintiffs and judgment is now directed to be entered for the sum of $616.01, found by the jury in the special verdict in favor of the plaintiffs.] [7]

The authorities rule that a married woman's power to contract for improvements as well as repairs to her real estate is inseparably connected with her right to take and hold real estate for her own separate use : Germania Savings Bank's Appeal, 95 Pa. 332. That a judgment note, or any note or bond given for a debt so created or money borrowed for the purpose, is void, is well established. But in Lippincott v. Hopkins, 57 Pa. 328, a judgment founded upon a narr. charging that a married woman "then and there having and enjoying her own separate estate hired and employed plaintiff to furnish work, labor and materials in and for the same, being necessary for said estate, was sustained." In Kuhns v. Turney, 87 Pa. 497, it was held that her power to contract arises ex necessitate. See also, Wagner v. Hindman, 3 Penny. 251. The case of Germania Savings Bank's App., 95 Pa. 332, clearly shows that her contract can be enforced by a personal action on the contract and not exclusively by a mechanics lien or action in rem. To sustain such an action, the record and proof must show that she was the owner of a separate estate, that it was necessary to improve it, that the debt sought to be recovered was incurred in the improvements, and at her request, etc., all of which in this case fully appears.

[Clearly the lender of this money, as it was borrowed for the purpose of improving her estate, and with her knowledge and directions really so used, the improvements and repairs made being necessary, if he had sought to recover on the contract (the note as to her being void) could have recovered.] [5]
Unless it be so, that while she can create a debt to improve

her separate estate, she cannot bind herself for borrowed money to improve her separate estate, though the record show all that is needed, and the proof establishes the loan of the moneys and use by her of the money in improving her estate. That she can so bind herself by contract it seems to us is apparent from Heugh v. Jones, 32 Pa. 434. The court says, We will stand as long as we can upon the com. law doctrine that in borrowing money she acts for her husband and not for herself, unless she be a sole trader, or the money be applied for the benefit of her separate estate. In that case, the proof failed to show that the money borrowed was applied to improving her separate estate. In the case in hand it was borrowed for that purpose and so applied. But as the lender of the money collected it from the sureties, how do they stand? A surety paying the debt, is entitled to all the rights and securities of the principal: Wright v. S. M. Co., 82 Pa. 80. But he is also entitled to all the rights and remedies against the principal debtor, and all the means of payment. On payment by the surety he becomes clothed with all the legal garb with which the contract which he has discharged was invested, and becomes substituted to every equitable interest and purpose in the place of the creditor whose claim he has paid: Hess's Estate, 69 Pa. 275. All points in conflict with this ruling stand refused.

Judgment having been entered for the plaintiffs for $616.01,[6] the defendants took this writ, assigning for error:

1–4. The refusal to affirm defendants' points. [1 to 4]

5. The part of the charge embraced in [ ][5]

6. The direction for judgment for $616.01, the jury having fixed the sum at $631.96.[6]

7. The part of the charge embraced in [ ][7]

*Mr. W. H. Koontz* (*Mr. Dennis Meyers* with him), for the plaintiffs in error:

1. It has never yet been decided that a married woman can borrow money for the improvement of her estate, either with or without note, with or without bail, to the lender, and her estate be held liable. It has been expressly ruled to the contrary in Bear v. Bear, 33 Pa. 525, and in Brunner's App., 47 Pa. 73; Heugh v. Jones, 32 Pa. 432. In Lippincott v. Leeds,

77 Pa. 422, this court said: "It is true she can borrow it, but this supposes the property to be a sufficient security, and that the husband will unite in a mortgage of it, and that the creditor will be willing to risk the application of the money advanced, over which he has no control after it has passed out of his hands."

2. The special verdict found merely that "Blubaugh loaned the money on the strength and faith of the bail and not on any contemplated repair or improvement of her property." It was not found that the sureties, when they signed the note, lent their credit to Mrs. Sellers on the strength and faith of her separate estate. So the note was void both as to Blubaugh and as to the sureties: Schlosser's App., 58 Pa. 493; Grosser v. Hornung, 10 W. N. 463.

*Mr. W. H. Ruppel* (*Mr. A. H. Coffroth* with him), for the defendants in error:

1. As to the sixth assignment. The error was merely clerical; this court can correct it, and we join in asking that the correction be made.

2. The doubt whether a married woman could be held liable on a contract for the repair or improvement of her separate real estate is authoritatively settled: Heugh v. Jones, 32 Pa. 432; Murray v. Keyes, 35 Pa. 384; Lippincott v. Hopkins, 57 Pa. 328; Finley's App., 67 Pa. 453; Lippincott v. Leeds, 77 Pa. 420; Kuhns v. Turney, 87 Pa. 497; Germania Savings Bank's App., 95 Pa. 329; Mahon v. Gormley, 24 Pa. 80.

3. The sureties, having paid the note, are entitled to all the rights which Blubaugh had: Wright v. Sewing M. Co., 82 Pa. 80. They have even greater rights than Blubaugh, from their knowledge as to the use to be made of the money and their contract with the wife based thereon. Why are the sureties not entitled to subrogation? Mosier's App., 56 Pa. 76.

4. In strict law, a married woman has no power to make any such contracts except when joined with her husband, and it is only by way of equity that they are enforced and so as to prevent great injustice: Glass v. Warwick, 40 Pa. 145; Wolbach v. Building Ass'n, 84 Pa. 216; Einstein v. Jamison, 95 Pa. 407.

OPINION, MR. JUSTICE GREEN :

That a married woman is liable for repairs to her separate estate made at her request and necessary for its preservation and enjoyment, is well settled. It is sufficient to refer to Lippincott v. Hopkins, 57 Pa. 328; Lippincott v. Leeds, 77 Pa. 420.

It is equally well settled that her bond or note given for borrowed money is void. Even her judgment given for the purchase money of real estate can only be enforced against her as to the particular property purchased: Patterson v. Robinson, 25 Pa. 81, and Ramborger v. Ingraham, 38 Pa. 147. That even the land can be held in such case rests not upon the act of 1848 but upon the principle that a conveyance to a feme covert and her confession of judgment for the purchase money are, taken together, a substantial conveyance upon condition of the payment of the price, and therefore she will not be allowed to retain both the price and the land. We are now asked to go a step further and hold that when a married woman borrows money upon her contract obligation for the purpose of improving her separate estate and actually so applies it, she may be held liable for its repayment. We decline to take this step. Even were we so inclined, the cases of Bear's Adm'r v. Bear, 33 Pa. 525, and Brunner's App., 47 Pa. 67, are directly in the way. In the case in hand Mrs. Sellers, one of the plaintiffs in error, borrowed the money from Blubaugh and gave a judgment note therefor, with the defendants in error as her bail. The special verdict informs us that Blubaugh loaned the money upon the strength and faith of the bail and not on any contemplated repair or improvement of the property ; that Mrs. Sellers' purpose in borrowing the money was to enable her to improve and repair her separate real estate, and that such repairs were necessary to be made, and that the money was actually applied to this purpose by her direction. In Heugh v. Jones, 32 Pa. 432, it was said that a married woman's separate estate might "possibly" be liable for debts contracted for the improvement of her separate estate when the money is so applied. This point, however, was not then decided, and has not been decided since, excepting in so far as it has been covered by the later cases above mentioned.

When the judgment in this case was entered Mrs. Sellers' name was, upon her application, stricken out of the record of the judgment and execution issued thereon, upon the ground of coverture. The bail then paid the money and commenced this proceeding to recover it from her. It is plain that Blubaugh could not have recovered against Mrs. Sellers. As between them, it was a mere loan of money upon the faith of the bail. He gave no credit to Mrs. Sellers, her improvements or her property. A bill for necessaries for the support of Mrs. Sellers and her family could not be recovered in such circumstances. Are the sureties in any better position than the lender? We think not. They are subrogated to his rights, nothing more. The fact, if it be so, that they became bail upon the representations of Mrs. Sellers that the money was to be applied to the repairs was not found by the jury in their special verdict, and our judgment must be based upon the facts they have found and not upon those they have omitted to find.

Nor would Blubaugh have any equity to be subrogated to the rights of the mechanics or material men who made the repairs. As before observed, he loaned his money on the strength of the bail. Mrs. Sellers could have rendered herself and her property liable for the repairs to the mechanics or material men with whom she contracted. She could also have mortgaged her estate with the consent of her husband to raise the money to pay them. The power to borrow money upon a mere personal obligation, therefore, is not necessary for the use, enjoyment and repair of the separate property, and because it is not necessary and is not given by statute we must reverse this judgment.

> Judgment reversed and venire facias de novo awarded.