# Holden *versus* Winslow.

1. The mere fact that a person has been notified, as terre tenant, of a proceeding on a mechanic's lien, does not make him a party to the record, or liable for costs.

2. A person who acquired an interest in the premises, after a building had been erected, conveyed his interest in the same before the trial of the *scire facias* on the lien: It was *held*, that, not being a party to the contract, he was a competent witness on the trial of the *scire facias* proceeding. The fact that the jury were sworn as to him did not affect the case.

ERROR to the Common Pleas of *Elk county.*

This was a *scire facias* to May Term, 1850, on a mechanic's lien, issued in favor of Edmund Holden *v.* E. C. Winslow, with notice to H. Thayer and Carpenter A. Winslow, terre tenants.

On 9th April, 1849, the mechanic's lien law of 1836 was extended to Elk county. On 7th December, 1849, this claim was filed for $786.26. *Scire facias* was issued to May Term, 1850.

This case was before the Court on a former occasion. See a report in 6 *Harris* 160, &c.

On or about 1st April, 1847, Holden contracted with E. C. Winslow for the erection of a saw-mill. The plaintiff commenced the work in the spring of 1847, and continued to work at it until May or June, 1848, when he left the work. It was alleged, *on his part*, that his reason for leaving the work was the want of some material necessary to its completion. He took his tools with him. It was stated that he returned several times but did not complete it, as was said, for the want of materials. On 23d. October, 1849, E. C. Winslow conveyed the premises, including the mill, to H. Thayer and to his son C. A. Winslow, for the consideration of $2000. This deed was recorded on 24th October, 1849. In November, 1849, the plaintiff returned to the mill, at

[Holden *v.* Winslow.]

the request of E. C. Winslow and Thayer, and it was alleged, on his part, that he completed the work on 1st December, 1849; that, after his return, there were some alterations made in the mill; some work, contemplated before, was dispensed with, and some other work substituted for it.

The claim was filed on 7th December, 1849.

On the part of the *defendant* it was alleged, that when the plaintiff was sent for to return to the mill it was to do other work than to complete that designed when the former work was done; and that the work done in November, 1849, consisted of alterations of the original plan and work, and not in the completion of that which had been left unfinished when the work was left in 1848.

During the trial, *on the part of the defendant*, was offered in evidence, a deed, dated 16th February, 1852, from C. A. Winslow to Thayer & Sissen, for the mill property, accompanied by a contract between the same parties in July, 1851, for the purpose of showing that at the time of the trial C. A. Winslow had no interest in the *premises*. To the admission of this the plaintiff's counsel objected, and its admission was excepted to.

Carpenter A. Winslow was then offered as a witness, and he was objected to as incompetent: 1. Because he was a party to the suit; 2. Because he had an interest in the mill property when the *scire facias* issued.

He was admitted, and exception was taken on part of the plaintiff.

On the part of the plaintiff several points were submitted. The *second* and *fourth* were as follows:

2. That if the jury believe from the evidence that the mill was not finished when Holden left it in May or June, 1848, and that the understanding of himself and Winslow at that time was that he was to return and finish it, and he did return in November, 1849, and finish it at the request of Winslow, the lien was filed in due time, and the plaintiff is entitled to recover.

4. That if the jury believe that the mill was not finished when plaintiff left it in May or June, 1848, but that the understanding and agreement of the parties at that time was, that when the necessary materials were procured, plaintiff was to return and complete the work, and if he did return in pursuance of that agreement in November, 1849, and complete the work, the alterations made in 1849 would not divest the lien of the plaintiff, but that he is entitled to recover.

On the part of the defendants, the *third* and *fourth* points were as follows:

3. That if the jury believe that the mill was completed in the spring of 1848, according to the plans and purposes of the parties, except putting in the self-setters, and the design of putting them in was afterwards abandoned, and the plaintiff never did put them

[Holden v. Winslow.]

in, then the work is to be considered finished in 1848, and the subsequent employment of the plaintiff to alter the plan and change the running gears of the mill, could not attach to the original work so as to entitle the plaintiff to the benefit of the mechanic's lien for the whole.

4. That if the jury believe the plaintiff was employed by H. Thayer and C. A. Winslow to alter and remodel the mill, because it did not answer the purpose as originally constructed, and not in pursuance of any previous engagement, then the work done in 1849, in effecting such alteration, would be an independent job, and could not be used to bring the previous work within the protection of the mechanic's lien law.

WHITE, P. J., *inter alia*, charged the jury that the important question in the case was, when was the building completed? and he observed, "If it was finished in the month of June, 1848, the work done previous to that time was not a lien when the claim was filed, because the mechanic's lien law was not extended to Elk county till the 9th of April, 1849; more than six months after the completion of the building. Nor would the claim for work done in November, 1849, be a lien, because, if the building was finished in 1848, work done in 1849 could not have been done in or about the erection or construction of the building; but must necessarily have been done in altering, adding to, or repairing it."

"We charge you that if you believe from the evidence that the mill was not finished when Holden left in May or June, 1848, and that the understanding of himself and Winslow at that time was, that he was to return and finish it, and he did return in November, 1849, and finish it at the request of Winslow, the lien was filed in due time, and plaintiff would be entitled to recover. But it is a question of fact for the jury to determine from the evidence in the case, under the instructions given *when* the mill was finished, and whether the work done in 1849 by plaintiff constituted any part of the original erection or construction.

"We charge you, upon plaintiff's fourth proposition, that if you believe the mill was not finished in May or June, 1848, and the understanding between the parties at that time was, that when the remaining materials were furnished, plaintiff was to return and complete the work, and he did return and complete the work in November, 1849, alterations made in 1849 would not divest his lien if he had a lien. But if the work was finished in June, 1848, with the exception of putting in the self-setters, and they were afterwards dispensed with, and the work done in 1849 was no part of the erection or construction of the building, but consisted of alterations in the machinery which were deemed necessary by the vendees of E. C. Winslow to run the mill profitably and success-

[Holden *v.* Winslow.]

fully, plaintiff had no lien on the mill in December, 1849, when his claim was filed, and would not be entitled to recover."

The defendant's third and fourth propositions were answered in the affirmative.

On 19th February, 1852, verdict for defendant.

Error was assigned to the admission of the deed from C. A. Winslow to Thayer & Sissen, and to the admission of C. A. Winslow as a witness. 2d. That the Court erred in charging that the mill was completed in 1848, and that the work done in 1849 was not part of its erection or construction. 3d and 4th. In the answers to the plaintiff's second and fourth points. 5th and 6th. In answering the defendant's third and fourth points in the affirmative.

*B. F. Lucas,* for plaintiff.—He contended, *inter alia,* that C. A. Winslow was not a competent witness. He was offered, not to dispute the lien, but to prove when the mill was completed. The jury were sworn as to him. He observed, that the self-setters (the part of the machinery not put in in 1848) were a part of the original plan and agreement, and that if the plaintiff returned to complete the mill and was then told that the self-setters were abandoned, his right to file a lien then began to run. The abandonment was by Winslow alone, and not by the contractor.

*S. P. Johnson,* contrà.—On 16th February, 1852, the witness sold and conveyed his interest in the mill property to Thayer & Sissen, without recourse and with a covenant against any contingent liability on account of this mechanic's lien. The possession passed under the contract. C. A. Winslow was not living on the land. He was not a party to the contract for the erection of the mill. As in a *scire facias* on a mortgage, no personal liability attached to him as terre tenant. He was therefore under no personal liability, direct or contingent, for either the claim or costs. He was a competent witness: 10 *Barr* 376, Detweiler *v.* Groff; 2 *Barr* 372. He was not named as a party in the lien filed, or in the writ; and no appearance was entered for him or plea filed for him. He was not in a proper sense a party to the proceeding.

The opinion of the Court was delivered by

LOWRIE, J.—We discover no error in the charge of the Court, and this is all that we have time to say about it. The competency of Carpenter A. Winslow as a witness, demands some consideration.

This is a *sci. fa.* on a mechanic's lien, and is therefore a proceeding *in rem,* in which no one is interested as defendant, except as owner of the property against which the lien is sought to be

[Holden v. Winslow.]

established; for that only is chargeable with either debt or costs. The mere fact that he has notice to appear and defend does not make him a party; for that may be served on any one at the pleasure of the plaintiff. No one can claim costs by reason of such notice; for still, if he has no interest in the property, he need not appear and has no right to be heard.

Carpenter A. Winslow had an interest in the property when the suit was brought; but he had sold it out before the trial. He had no interest when the contract was made. His connection with the suit therefore arose entirely out of his relation to the property, and depended upon it. When that relation ceased, he had no more right to be heard as a party in the proceeding. The fact that the jury was sworn as to him does not affect the question, for he could not be heard to object to it, and could not be affected by it. There was no contract relation binding him to the plaintiff or affecting his competency, and he was liable to no debt or costs, and entitled to none in that action, and he was no party to it in any proper sense. The Court was therefore right in declaring him competent.

Judgment affirmed.