## Lloyd *et ux. versus* Hibbs.

1. A mechanic's lien was against "Ella Lloyd, owner or reputed owner, and James T. Lloyd her husband," for work, &c., about the repair of buildings "belonging to the said Ella, * * * the owner of said buildings is Ella Lloyd," &c. *Held*, that as it did not appear on the claim that the work, &c., was at the request or on the contract of Mrs. Lloyd, it was worthless.

2. Inasmuch as it did not appear that the work, &c., was at the wife's request, it did not matter that the work, &c., was in fact at her request.

3. The divestiture of a wife's title under a mechanic's lien depends on what appears on the record, not on *proof* that she consented to the contract.

4. All things necessary to the validity of a mechanic's lien must appear in it to bind the wife.

5. In this case a scire facias was issued against husband and wife on the claim ; a rule of reference was entered, award against defendants and judgment ; a rule to set aside judgment and strike off the lien discharged. *Held*, that the plaintiff had no lien against Mrs. Lloyd's property and should not have had judgment.

6. Dearie *v.* Martin, 28 P. F. Smith 55 ; Finley's Appeal, 17 P. F. Smith 453 ; Mahon *v*, Gormley, 12 Harris 80.

March 6th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bucks county:* Of January Term 1874, No. 141.

This was a scire facias sur mechanics' lien issued July 9th 1873, by Silas W. Hibbs against "Ella Lloyd, owner or reputed owner, and James T. Lloyd her husband."

The claim was filed July 8th 1873, viz. :—

Silas W. Hibbs *v.* Ella Lloyd, owner or reputed owner, and James T. Lloyd her husband. Mechanics' lien claim $202.14.

"Silas W. Hibbs, above named, hereby files his claim * * * for carpenter work done and materials, viz. : lumber and hardware furnished for and about the alteration, addition and repair of the

[Lloyd v. Hibbs.]

buildings hereinafter mentioned, and against the same and the ground covered by the said buildings, and belonging to the said Ella Lloyd. * * * The name of the party claimant is Silas W. Hibbs; the name of the owner or reputed owner of said buildings is Ella Lloyd; the amount claimed to be due is $202.14, being a debt contracted for carpenter work done and materials, viz.: Lumber and hardware furnished for and about the alteration, addition and repair of the said buildings within six months, * * * the nature and kind of work done and materials furnished being especially set out in a bill hereto annexed, and made part of this claim. The said buildings are located," &c.

On the same day the scire facias was issued, the plaintiff entered a rule of reference.

On the 12th of July 1873, the sheriff returned to the scire facias, " served by leaving copy with adult member of the family." Arbitrators were appointed, and on the 15th of August they awarded in favor of the plaintiff for $152.90; on the same day the award was filed and judgment entered on it.

On the 9th of September 1873, the defendants moved to set aside the judgment and to strike off the mechanics' lien; they filed the following reasons:—

1. The lien is against a married woman and against her property, and does not state in it or set forth that she or any one else was contractor for the work done and materials furnished for which a lien is claimed.

2. The claim or lien filed does not state that the work was done or materials furnished at the request, or contracted for by the said Ella Lloyd, or that they were necessaries for her, or for the use and enjoyment of her building or buildings.

3. The lien states that Ella Lloyd is and was the owner or reputed owner, and that she is the wife of James T. Lloyd, but does not state that the work was done and materials furnished at her instance and request, or at the instance and request of any one else.

4. The lien being defective and void, the scire facias upon it and all subsequent proceedings are without jurisdiction and null and void, and the judgment should be set aside.

The rule was discharged October 30th 1873, and on the same day the plaintiff issued a levari facias.

The defendants took a writ of error and assigned for error: not striking off the mechanics' lien and not setting aside the judgment.

*D. C. Harrington*, for plaintiffs in error.—The lien should have set forth that the work and materials were furnished at the wife's request: Mahon *v.* Gormley, 12 Harris 80; Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251; Swayne *v.* Lyon, 17 P. F. Smith 436. The estate of a married woman

cannot be taken even on a judgment confessed by her for necessaries, or for improvements made to her estate, unless her liability appears from the record : Finley's Appeal, 17 P. F. Smith 453. A writ of error is available to set aside the judgment: Hartman *v.* Ogborn, 4 P. F. Smith 124. A married woman's estate is protected by the Act of 1848 from all claims against her husband ; is liable only for such debts as are established in the method provided by the act, and equity will prevent the use of process to deprive her of her estate, unless such process is authorized by law : Hunter's Appeal, 4 Wright 194. A sale on process issued in such a case will convey no title : Finley's Appeal, *supra.*

*B. F. Gilkeson,* for defendant in error.—It was not necessary to set forth in the claim that the work was done and the materials furnished at the request of the said Ella Lloyd, for this is matter of proof, and was a question for the arbitrators upon the trial. The claim is filed against the wife, and so appears upon the record, and this is all that is necessary to charge her estate : Finley's Appeal, 17 P. F. Smith 453. Even if the claim filed in this case is defective, the plaintiffs in error have no remedy by writ of error, the judgment in the case being entered upon an award of arbitrators. There has never been any appeal from said award. It was then too late to ask the court below to interfere ; the award had become a judgment, and it was not then in the power of the court below to strike off the lien and set aside the judgment : Le Barron *v.* Harriott, 2 Penna. R. 154 ; O'Donnell *v.* Lynch, 1 W. & S. 283; Lloyd *v.* Barr, 1 Jones 41. From proceedings under the Compulsory Arbitration Act, there is no remedy by writ of error : Sullivan *v.* Weaver, 9 Barr 223 ; Royer *v.* Myers, 3 Harris 89 ; Drenkle *v.* Garber, 7 Watts 122; Sands *v.* Rolshouse, 3 Barr 458 ; Waage *v.* Weiser, 5 Whart. 307 ; Walls *v.* Wilson, 4 Casey 514.

Mr. Justice GORDON delivered the opinion of the court, March 27th 1876.

The mechanic's lien in this case is worthless, in that the claim on which it rests does not set forth that the work was done and the materials were furnished at the request or on the contract of Mrs. Lloyd. This very question has been but recently before us, in the case of Dearie and Wife *v.* Martin, 28 P. F. Smith 55. In that case, the claim though filed against the wife's property, failed to set forth the fact of coverture, or that the work and materials were furnished at her request. The defendant filed a plea of coverture in bar of the claim ; this was followed by a replication on part of the plaintiff, " that the work and materials were done and furnished at the request, and on the authority of the said Margaret Dearie, as well as the said James Dearie, and were necessary and

[Lloyd v. Hibbs.]

convenient to the preservation and enjoyment of her said estate." Defendants demurred. The court below gave judgment for the plaintiff on this demurrer. The case was brought up to this court on writ of error, and reversed. *Held*, WILLIAMS, J., delivering the opinion, that the claim was incurably defective in that it did not set forth her coverture, and that the work and materials were done and furnished at her request, and that, as this did not appear in the claim, it did not matter that the work and materials were in fact furnished on her order.

This was but following in the lead of Finley's Appeal, 17 P. F. Smith 453, in which it was held, per AGNEW, J., that the divesture of a wife's title, under a mechanic's lien, must depend upon what appears by the record, and not upon proof that she had consented to the contract under which the claim was filed. So in Mahon *v.* Gormley, 12 Harris 80, it was said by LEWIS, J., that where the *narr.* was on a promissory note, and contained no averment concerning the origin of the debt, a plea of coverture, on demurrer, must be held a good answer to it. If the plaintiff wished to avoid such effect, he must either reply setting forth the special circumstances on which he relies to bind her, or amend his declaration.

As a special plea could not have helped the plaintiff in this case, inasmuch as the lien is created by the claim filed, and all things necessary to its validity must appear in it, and as it is too late now to amend, it is apparent from the authorities above cited, that the plaintiff had no lien against Mrs. Lloyd's property, and should not have had judgment on his scire facias.

The judgment is reversed.