## Schriffer *versus* Saum *et al.*

1. A mechanics' lien was for labor, &c., "in the erection and on the credit of a building, of which A. Schriffer and Charles Schriffer were the owners, and the claimants the builders for the said A. and Charles, at whose request the work, &c., were done for said building." A. was the wife of C. *Held*, to be defective in not setting out A.'s coverture, and in joining her with C. without averring that he was her husband, and not setting out that the work &c., were for the improvement of her separate estate.

2. To charge the property of a married woman the coverture must be set forth, and it must appear from the record that the debt is within the spirit and meaning of the Act of April 11th 1848.

3. It must appear affirmatively that the debt was contracted with intent to apply its proceeds to the improvement of the wife's separate estate, and also that they were actually so applied.

4. Within the six months for filing the claim, an amendment that C. was the husband of A. was allowed. This cured the defect in this respect.

5. Dearie *v.* Martin, 28 P. F. Smith 55, followed.

March 15th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Mayor's Court of the city of *Scranton*: Of January Term 1875, No. 169.

This was a scire facias sur mechanics' lien, issued August 4th 1873 by George Saum and Conrad Schrader, against "Mrs. A. Schriffer and Charles Schriffer, owners or reputed owners and con-

31 P. F. Smith—25

tractors." The lien had been filed on the same day the scire facias issued. It was as follows :—

" George Saum and Conrad Schrader file this their claim for the payment of the sum of $865.25 and interest, as per bill hereto attached, * * * against all that double wood, stone, brick and slate dwelling-house, &c., * * * the said sum of $865.25 being a debt contracted for labor, viz. : carpenter work, &c., * * * and for materials, viz. : lumber, &c., * * * done and furnished by the said George Saum and Conrad Schrader, in part, by virtue of a written contract now in possession of the above-named defendants (but a synopsis of which is hereunto attached as a part hereof), and in part by virtue of verbal agreements within six months last past, for and about the erection of said building, and on the credit thereof, of which the said A. Schriffer and Charles Schriffer were, and are, the owners or reputed owners, and the said George Saum and Conrad Schrader, the builders and contractors for the said A. Schriffer and Charles Schriffer, and at whose instance and request the said work was done and materials furnished as aforesaid for said building." * * *

" Synopsis of written contract of Mrs. A. Schriffer and Charles Schriffer with George Saum and Conrad Schrader :—

" Said contract is dated in or about the month of September or October 1872, and is for the materials for and the erection and construction by said Saum and Schrader of a double dwelling-house of stone, brick, wood, lime, sand, slate, paint, hardware, &c., situation on eastern side of Madison avenue, near Mulberry street, in the city of Scranton. Size sixty-six by forty feet, with finished basement, first, second and attic stories and Mansard roof, windows, doors, fastening materials, painting, stairways, halls, &c., as more fully set out and described in specifications hereto attached. Consideration, $5000 ; terms, $1500 when the basement walls were up ; $1500 when the house was under roof, and $2050 when the house was completed.

[Signed]                    GEORGE SAUM,
                            CONRAD SCHRADER,
                            A. SCHRIFFER,
                            CHARLES SCHRIFFER."

The work was completed April 26th 1873.

On the 19th of August 1873, the defendants filed an affidavit of defence, admitting that the sum of $500 was due by them and tendering judgment for that amount.

On the 22d of December 1873 the defendants pleaded nil debet, payment with leave and set-off.

On September 4th 1874, on motion of plaintiffs, the court permitted the record to be amended so that the defendants in the lien

[Schriffer *v.* Saum.]

be stated as "Mrs. A. Schriffer and Charles Schriffer, her husband, owners," &c., and that all the pleadings be amended accordingly.

On the 23d of January 1875, on motion of plaintiffs, the record was amended by striking out the name of Charles Schriffer wherever it appeared in the record.

The case was tried January 23d 1875, before Ward, Recorder of the Mayor's Court.

The plaintiffs, under objection and exception, gave in evidence a contract under seal dated August — 1872 between Mrs. Schriffer alone of the first part and the plaintiffs of the second part for the erection of the building mentioned in the claim; it was signed by Mrs. Schriffer and the plaintiffs. They also gave evidence of the performance of the work.

The defendants gave evidence that the house was not well built, nor in accordance with the contract, &c.

The verdict was for the plaintiffs for $862.02.

The defendant took a writ of error and assigned for error,

1. Permitting the lien to be amended by adding the words "her husband and contractor," and striking out the name of Charles Schriffer.

2. Admitting in evidence a contract under seal, signed by A. Schriffer; the contract being made by a married woman.

3. Entering judgment against Mrs. A. Schriffer in this case.

*D. W. Rank* and *J. Mahon,* for plaintiff in error.—Before the amendment of September 7th 1874, it did not appear as if this woman had been one of the parties, except by implication that she had signed a contract with Charles Schriffer: Russell *v.* Bell, 8 Wright 47; Dearie *v.* Martin, 28 P. F. Smith 55. The lien and claim show that it was based on contract dated in September or October 1872, signed by Mrs. A. Schriffer and Charles Schriffer, but not averring that this woman was the wife of Charles Schriffer. The averment in the lien that the building was constructed by virtue of one contract, could not be proved by offering in evidence a contract under seal, signed by Mrs. A. Schriffer, a married woman, for work done, or to be done. The variance was fatal: Cunningham *v.* Shaw, 7 Barr 401; Scott *v.* Horn, 9 Id. 407; Stump *v.* Hutchinson, 1 Jones 533.

A married woman cannot dispose of or charge her separate estate by an instrument under seal independently of her husband: Pettit *v.* Fretz, 9 Casey 118; Bear *v.* Bear, Id. 525; Murray *v.* Keyes, 11 Id. 384. The court could not enter judgment against this married woman, since there is no averment that it was for the improvement of her separate estate, nor does it aver her coverture, nor that the contract was under seal. A mechanics' lien, to bind the separate estate of the wife, must show upon its face her cover-

ture, and that the work was done with her authority and consent. This lien shows none of these requisites, and is therefore radically and incurably defective: Dearie *v.* Martin, *supra*. She must be impleaded with her husband. An action against a married woman without naming her husband, and averring that it is for necessaries for her family, or the improvement of her separate estate, and judgment thereon, are void.

*E. N. Willard* and *W. H. Gearhart*, for defendants in error.— A reference to it (the contract) in the lien was unnecessary, mere surplusage: O'Brien *v.* Logan, 9 Barr 99. If there had been defects in the lien, the plea cured them. Defects on the face of a claim are not raised by such a plea; they must be considered as waived. The invalidity of a lien cannot be taken advantage of under the plea of payment with leave: Lee *v.* Burke, 16 P. F. Smith 336; Lybrant *v.* Eberly, 12 Casey 347; Lewis *v.* Morgan, 11 S. & R. 234; Abbott *v.* Lyon, 4 W. & S. 38; Richabaugh *v.* Dugan, 7 Barr 394; Lehman *v.* Thomas, 5 W. & S. 262.

Mr. Justice GORDON delivered the opinion of the court, March 27th 1876.

The claim, as filed by the plaintiff, was defective in two material points. 1. It did not set out the coverture of Mrs. A. Schriffer, but joined her with Charles Schriffer without indicating that he was her husband. Without more, that was sufficient to avoid the lien. In order to charge the property of a married woman, the fact of coverture should be set forth; and it must appear from the record that the debt which is sought to be charged upon her separate estate is within the spirit and meaning of the Act of 1848: Dearie *et ux. v.* Martin, 28 P. F. Smith 55. 2. The claim does not allege that the work and materials were done and furnished for and about the improvement of her separate estate. This also is a defect fatal to the plaintiff's lien; for it must appear affirmatively that the debt was contracted, not only with the intent to apply the proceeds thereof to such improvement, but that they were actually so applied: Heugh *v.* Jones *et ux.*, 8 Casey 432. In fine, it must appear from the record that the debt charged is within the letter or spirit of some one of the exceptions of the Act of 1848: Mahon *v.* Gormley, 12 Harris 80; Murray *v.* Keyes *et ux.*, 11 Casey 384. An amendment was made within the six months allowed by the statute for filing the claim, setting forth the fact that Charles Schriffer was the husband of Mrs. A. Schriffer. This doubtless cured the first defect which we have pointed out, but not the second. As, however, this amendment was stricken off by a subsequent one, striking out the name of Charles Schriffer altogether, and as the judgment was rendered on the record as it thus stood, it is clear that the first amendment failed of its object. Indeed this last error was, if

[Schriffer *v.* Saum.]

possible, worse than the first; for as the proceedings now stand they not only fail to show coverture, but they charge the defendant, confessedly a married woman, as a feme sole. It is manifest, from the above, that the contract between the defendant and the plaintiffs should not have been admitted in evidence; for the record failing to show such a condition of affairs as would charge her estate, her contract, however explicit, must count as nothing: Dearie *v.* Martin, *supra.*

Judgment reversed.