## Michaelis et ux. *versus* Brawley.

While it is true that the mortgage of a married woman is invalid unless separately acknowledged by her, and the absence of such acknowledgment may be set up as a defence to a recovery on a mortgage, yet if judgment be recovered on a scire facias, issued on such mortgage, the judgment is conclusive that the mortgage was properly executed; and the validity thereof cannot be questioned in a collateral action of ejectment.

February 5th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Crawford county:* Of January Term, 1885, No. 300.

Ejectment, by Charles Michaelis and Lucy Michaelis, his wife, in the right of said wife, against Francis Brawley, for a house and lot in Vernon township.

On the trial, before GALBRAITH, P. J., of the sixth judicial district, the following facts appeared: The legal title to the premises in dispute was in Lucy Michaelis in February, 1869. On March 3d, 1869, Mrs. Michaelis and her husband executed a mortgage upon said property to one William Painter; the certificate of acknowledgment on the same being defective, in that it did not certify to the separate examination of the wife. A scire facias was issued on this mortgage in April, 1872, which was duly served on Mrs. Michaelis, who entered no appearance. Judgment was therefore entered for want of an appearance, and a levari facias issued upon which the property was sold to Cyrus Kitchen, through whom the defendant claimed.

The defendant having offered the record showing the above proceedings in evidence, the plaintiff contended that the judgment against Mrs. Michaelis on the mortgage was void, because the mortgage showed on its face that the land belonged to a married woman and the absence of her separate acknowledgment made it fatally defective.

The court charged the jury, inter alia, as follows: " Under

[Michaelis *v.* Brawley.]

the law this judgment cannot be attacked collaterally, and the plaintiff is precluded by this recovery on this mortgage, and that being the case her claim here must fail, and your verdict shall be for the defendant."

Verdict for defendant and judgment thereon; whereupon the plaintiffs took this writ assigning for error that part of the charge of the court above set out.

*Anderson* (with whom were *Frank J. Lowe* and *Geo. F. Davenport*), for plaintiffs in error.—A married woman's power to convey or charge her real estate is derived solely from the Act of 1770, and the requirements of that Act as to her separate estate and acknowledgment must be pursued, and must so appear upon the face of the magistrate's certificate: Graham *v.* Long, 15 Sm., 383; Brown *v.* Bennett, 25 Id., 420; Glidden *v.* Strupler, 2 Id., 400; Innis *v.* Templeton, 14 N., 262. The deed of a feme covert is absolutely void if the acknowledgment is not in substantial compliance with the Act of 1770: Jourdan *v.* Jourdan, 9 S. & R., 268; Watson *v.* Mercer, 6 Id., 48; Fowler *v.* McClurg, Id., 143; Rumfelt v. Clemens, 10 Wr., 455. "Without signature and acknowledgment according to statute it is not, and cannot be a mortgage of her estate:" per Justice WOODWARD, in Michener and wife *v.* Cavender, 2 Wr., 337. Every judgment against a married woman which does not show her liability on its face is void: Swayne *v.* Lyon, 17 Sm., 436; Finley's Appeal, Id., 453; Hecker *v.* Haak, 7 N., 238; Hugus & Hacke *v.* Dithridge Glass Co., 15 N., 160. If the judgment against plaintiff is void for reasons appearing of record, it may be attacked collaterally; it requires no reversal to render it a nullity: Caldwell *v.* Walters, 6 Harris, 79.

*Brawley* (with whom were *McClintock* and *A. G. Church*), for defendant in error.—Although it is true as an abstract principle that a married woman's mortgage is not valid without her separate acknowledgment, yet a judgment by default in pursuance of a scire facias issued on such a mortgage is conclusive of the validity of the same: Ross *v.* Lynch, 2 Pitts. Rep., 472; Warder *v.* Tainter, 4 Watts, 274; Miner *v.* Graham, 12 Harris, 494; Yaple *v.* Titus, 5 Wr., 195; Hartman *v.* Ogborn, 4 P. F. S., 120.

Chief Justice MERCUR delivered the opinion of the court, February 16th, 1885.

The acknowledgment of a mortgage is no part of its execution, but only evidence of it. The acknowledgment need not be recited in the scire facias on it: Miner *v.* Graham, 12

Harris, 491. After judgment thereon its execution is a matter adjudicated: Id. The Act of 1705 gives a scire facias on a mortgage. It does not refer to a recorded mortgage. The scire facias lies on all mortgages whether recorded or unrecorded. The writ is on the mortgage and not on the registry thereof: Tryon *v.* Munson, 27 P. F. S., 250; Lancaster *v.* Smith, 17 Id., 427. Hence the proper plea is *non est factum,* and not *nul tiel record*: Id. An unauthorized satisfaction of the mortgage, on the record, is no defence to a scire facias: Id.

It is true the mortgage of a married woman is invalid unless properly acknowledged. If such be the fact it may be successfully interposed against a recovery on the mortgage. If however judgment be recovered on scire facias issued on the mortgage the judgment is conclusive that it was properly executed: Miner *v.* Graham, *supra.* Hence it was held in Butterfield's Appeal, 27 Id., 197, that although the mortgage of the married woman was void, yet it was merged in the judgment recovered in scire facias thereon. Its execution is thereby conclusively established. The judgment cannot be collaterally impeached except for fraud: Hartman *v.* Ogborn, 4 Id., 120. As the judgment in question was conclusive as a lien on the wife's interest in the land there was no error in rejecting the evidence offered, nor in directing a verdict for the defendant.

Judgment affirmed.