## WILLIAM BOTTS v. SARAH KNABB.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 3, 1887.—Decided April 11, 1887.

1. A declaration charging a married woman with liability upon a contract made with her by a laborer for work done upon her real estate, "said work having been done at her request, in and about the management of her separate estate and necessary for the preservation, enjoyment and use and profit of the said separate estate" is sufficient.

2. A married woman, owning in her own right an improved farm, is capable of binding her separate estate by a contract for services necessarily required and rendered in harvesting, housing and marketing, for her benefit, the growing crop on said farm.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, CLARK, JJ.

No. — January Term, 1887, Sup. Ct.; court below, No. 41 September Term, 1884, C. P.

This was an action of Assumpsit, (originally tried before a Justice of the Peace and on appeal in the Court of Common Pleas), by William Botts against Peter S. Knabb and Sarah Knabb, his wife. After the appeal to No. 41 September T. 1884, court below, a declaration was filed, set out in part below, and defendants pleaded *non assumpsit* and payment, with leave, &c. While the cause was at issue, the death of Peter S. Knabb was suggested and Sarah Knabb, his administratrix, substituted. The declaration averred:

"For that whereas the said Sarah Knabb, heretofore to wit, about the first day of October, A. D. 1882, at the county aforesaid, being then and there the owner in fee simple of a certain messuage, tenement and tract of land situate in Oley township, county aforesaid, containing seventy acres, more or less, agreed to and with the said plaintiff, &c., . . . . And whereas the said plaintiff and his wife during the month of October, 1882, worked on said farm seventeen days, and the said plaintiff, with horse and wagon, during the months of December, 1882, and January, February and March, 1883,

worked on said farm sixty-nine days, said work having been done at her, the said Sarah Knabb's, request, in and about the management of her said separate estate, and necessary for the preservation, enjoyment and use and profit of the said separate estate by the said Sarah Knabb. By means whereof the said Sarah Knabb then and there became liable to pay to the said plaintiff," etc.

On the trial before a jury, EDWIN ALBRIGHT, P. J., it was admitted that Sarah Knabb, the wife of Peter S. Knabb, was the owner in her own right of a farm in Oley township, Berks county, containing about 80 acres, and William Botts, the plaintiff, testified that he and his wife husked corn for Mrs. Knabb in the month of October, 1882, and, during the months of December, 1882, and January, February and March, 1883, he worked with his horse hauling hay and straw and corn-fodder and hauling in her corn, potatoes and wheat; that he had been employed by Mrs. Knabb, and was to have $1.25 per day for the work done by himself and wife, and $2.00 per day when working with his horse, and he was to pay the toll. His entire bill was $159,25, upon which he had received $20. The plaintiff then rested, when the defendant moved for a compulsory nonsuit, on the ground that the plaintiff's claim and proof did not come under the exceptions of the statute of 1848, and he could not recover, the defendant having been a married woman at the time when the alleged contract was made. This motion was allowed and nonsuit entered, and subsequently a motion to take off the nonsuit was overruled. The plaintiff then took this writ, specifying as error the entry of the judgment of nonsuit and the refusal to set that judgment aside.

*Mr. Hiram Y. Kaufman* (with him *Mr. Henry O. Schrader*) for the plaintiff in error.

The court erred in entering a compulsory nonsuit and in not submitting to the jury, whether under all the circumstances the plaintiff's claim was not a liability necessarily incurred in and about the improvement, management, use and enjoyment of her separate estate. What are necessaries for the support of the family, or what may be necessary for the improvement, &c., of a married woman's separate estate are

questions to be submitted to and passed upon by a jury: Mohny v. Evans, 51 Penn. St. 80.

The court below, in refusing to submit the case to the jury, put it upon the ground that the work or services rendered, in order to charge the separate estate of a married woman, must have reference to some permanent improvement to her real estate, such as the erection of buildings or repairing of them. Such an application is too restricted, as will appear from the decisions of several of the lower courts as well as of this court.

A married woman is liable for repairs of her separate estate, made at her request, if necessary for its preservation and enjoyment: Lippincott v. Hopkins, 57 Penn. St. 328, and Lippincott v. Leeds, Idem, 420. In both these cases the claims were for work done and material furnished for repairing the wife's separate estate.

But the liability of married women is not restricted so closely as the foregoing cases would indicate: Mahon v. Gormly, 24 Penn. St. 80; Germania Savings Bank's App., 95 Idem, 329. If a married woman be liable for fencing and enclosing her lands, and for erecting and repairing of buildings upon the same, with more reason should she be held liable for services rendered in tilling such lands and in housing and marketing the crops. The Act ought to be so construed that married women may make contracts and be bound by them to such an extent that they may have the full use, benefit and enjoyment of their estates.

A married woman's separate estate has been held liable for services rendered for her, which had no reference whatever to the restoration and preservation of the buildings: Anderson v. Line, 12 W. N. 324; Freymoyers' Estate, 2 L. Bar., 29th Oct. 1870; Guyer v. Harrison, 13 W. N. 537; Stevenson v. Anderson, 14 W. N. 89.

We submit that if the court had allowed this question to be considered by a jury they would have found that the plaintiff's services were necessary for the improvement, management, use and enjoyment of the separate estate of defendant, and being necessary, the defendant is liable.

*Mr. Israel C. Becker* for defendant in error.

The burden was on the plaintiff, if he desired to charge a

married woman upon an alleged contract, to show that the contract was an exception to the common law rule that a married woman's contract is absolutely void: Moore v. Connell, 68 Penn. St. 320; Berger v. Clark, 79 Idem 340; Glyde v. Kiester, 32 Idem 85; Dorrance v. Scott, 3 Wh. 309; Caldwell v. Walters, 18 Penn. St. 79; Hecker v. Haak, 88 Idem 238; Murray v. Keyes, 35 Idem 384; Cumming v. Miller, 3 Gr. 146; Lloyd v. Hibbs, 81 Penn. St. 306.

There is nothing in the evidence to show that a single item for which the defendant is sought to be charged was for necessaries in the maintenance of herself or her family: Parke v. Kleeber, 37 Penn. St. 251; Reed's Estate, 4 Phila. 375; Sawtelle's Ap., 84 Penn. St. 306; Hecker v. Haak, 88 Idem 238; Hugus v. Dithridge Glass Co., 96 Idem 160.

The power of a married woman to bind her separate estate by a contract for the improvement or repair of her real estate, is but constructively within the Act: Fern v. Early, 113 Penn. St. 264; Heugh v. Jones, 32 Idem 432; Murray v. Keyes, 35 Idem 384; Shannon v. Shultz, 87 Idem 481.

Nor is there anything in the evidence to indicate or warrant the inference that any part of the plaintiff's claim was for work and labor done in the repair, improvement or preservation of her separate estate, or which was necessary for her enjoyment of the same, and hence there is nothing that would take this alleged contract out of the common law rule that a married woman's contract is absolutely void.

OPINION, MR. JUSTICE STERRETT:

Plaintiff's contention is, that the pleadings and evidence would have warranted the rendition of a verdict in his favor, and hence the court erred in not submitting the case to the jury.

The sufficiency of the declaration cannot be doubted. It is in due form, setting forth substantially that Mrs. Knabb, one of the defendants, being sole owner in her own right of an improved farm on which was a growing crop, employed plaintiff to harvest, house and market the same for her; that the services thus contracted for were fully performed, at her request, in and about the management of her separate estate, and that the same were " necessary for the preservation, enjoyment, use

and profit of the said separate estate by the said Sarah Knabb," etc.

The fact that Mrs. Knabb was a *feme covert*, at the time of making the alleged contract, was conceded; and the only issues of fact were raised by the pleas of *non assumpsit*, payment with leave, etc. Evidence tending to sustain every material averment in the narr was introduced, but the learned judge nonsuited the plaintiff and subsequently refused to take off the judgment, assigning as a reason therefor, that " a married woman is not liable at common law upon her contracts ; and, as no statute, according to the construction given to our Married Woman's Act, covers the case of this plaintiff, it must be decided that he cannot recover, although his claim is one that it seems ought in good conscience to be paid." It thus appears that the nonsuit was sustained on the broad ground that, a married woman, owning in her own right an improved farm, is incapable of binding her separate estate by a contract for services necessarily required and rendered in harvesting, housing and marketing, for her benefit, the growing crop on said farm. As a legal proposition this cannot be sustained.

Our Married Woman's Act of April 11, 1848, declares : " Every species and description of property . . . . . which may be owned by or belong to any single woman, shall continue to be the property of such woman as fully after marriage as before ; and all such property of whatsoever name or kind, which shall accrue to any married woman, during coverture, by will, descent, deed of conveyance or otherwise, shall be owned, used and enjoyed by such married woman as her own separate property." In view of these express provisions and the implied powers necessarily incident to such ownership, use and enjoyment, the authority of Mrs. Knabb to make the contract in question, appears to be so manifest that it scarcely admits of any doubt. While perhaps the precise question now presented has never been distinctly ruled, the underlying principle has been so conclusively settled that it is of easy application to the undisputed facts of this case. In Lippincott v. Hopkins, 57 Penn. St. 328, and Lippincott v. Leeds, 77 Idem 420, it was held that a married woman is liable for such repairs of her separate estate, made at her request, as are necessary for its preservation and enjoyment. As was said in the latter case

such liability is the necessary result of the rights of the wife and the disabilities of the husband; that the right to own, use and enjoy her separate real estate would be comparatively valueless without the power to take care of and preserve it from ruin, and hence the rights of property conferred necessarily imply a power to repair. Again in Germania Savings Bank's Appeal, 95 Idem 329, it was held that a married woman's power to contract for necessary improvements as well as repairs to her real estate is inseparably incident to her right to acquire and hold the same to her own separate use.

The principle of these and other cases that might be cited is clearly applicable to the case at bar, and is necessarily decisive of the question presented by the specifications of error.

Judgment reversed and a *procedendo* awarded.