## S. S. SHRYOCK ET AL. v. J. W. BUCKMAN.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILA-
DELPHIA COUNTY.

Argued March 29, 1888—Decided October 1, 1888.

1.  A mechanics' lien filed against the property of a married woman but not averring the coverture and that the labor was done and materials furnished upon her authority or with her consent, for the improvement of her separate estate, is fatally defective and void: Dearie v. Martin, 78 Pa. 55; Lloyd v. Hibbs, 81 Pa. 306; Schriffer v. Saum, 81 Pa. 385.

2.  Yet, where on such a claim, filed against the owner of the title but without such averments, a judgment is had after service, or two returns nihil equivalent thereto, and stands unreversed, it may not be attacked collaterally, and a sheriff's sale under a levari facias thereon will pass a good title to the purchaser: Hartman v. Ogborn, 54 Pa. 120; Butterfield's App., 77 Pa. 197.

3.  The proceeding in the scire facias is strictly in rem, and if regular and disclosing a valid judgment and regular sale, the title of the purchaser is not affected by the record of the conveyance to the owner, with notice that she was a married woman when the lien was filed: Postens v. Postens, 3 W. & S. 127; Farrington v. Woodward, 82 Pa. 259.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WIL-
LIAMS, JJ.; TRUNKEY and STERRETT JJ., absent.

No. 269 January Term 1888, Sup. Ct.; court below, No. 888
June Term 1878, C. P. No. 3.

On July 3, 1878, an action of ejectment was begun by
Charles M. Reynolds and Jane M., his wife, in right of said
Jane M. Reynolds, against John W. Buckman, to recover pos-
session of property at the southwest corner of 22d and Green
streets. The plea was the general issue, not guilty. The
plaintiffs both having subsequently died, Samuel S. Shryock
and Libbie M., his wife, in right of said wife, and others, heirs
at law of Jane M. Reynolds, deceased, were substituted as
plaintiffs.

At the second trial of the case on October 27, 1887 (the
first being reported as Reynolds v. Buckman, 19 W. N. 568),
it was agreed that prior to February 10, 1857, the title to the
property in dispute was in Joseph H. Bonsall. The plaintiffs
then read in evidence a deed dated February 10, 1857, recorded
February 20, 1857, in which deed the grantee was recited as
" Jane M. Reynolds, wife of Charles M. Reynolds." The writ
was then put in evidence to show possession by the defendant,
when the plaintiffs rested.

On the part of the defendant, there was offered in evidence
the record of an apportioned mechanics' lien, filed September
19, 1857, by Samuel S. Richie against " Jane M. Reynolds,
owner or reputed owner, and Charles M. Reynolds, contractor;"
and in connection therewith, the record of a scire facias on
said claim, showing that the writ was " made known by posting
and nihil habent as to defendants," and judgment thereon for
the plaintiff on October 24, 1857, for want of an affidavit of
defence, liquidated at $130.44, with a levari facias upon said
judgment and a return thereto, " Sold to Samuel H. Swanzey
for $1,050," and sheriff's deed to said purchaser dated May 22,
1858. The offer was objected to by the plaintiffs.

By the court: Objection overruled and evidence admitted,
with the understanding that it is to be followed by an effort
to prove that the conveyance to Jane M. Reynolds was made
with the intention to defraud creditors, and was in violation of
the statute of Elizabeth.[1]

The defendant then offered, and, under objection and exception, read in evidence mesne conveyances passing the title from Samuel H. Swanzey to the defendant, and followed, also under objection and exception, with evidence tending to show that at the time of the conveyance to Mrs. Reynolds, February 10, 1857, Charles M. Reynolds, her husband, was insolvent and had caused the title to the property to be put into the name of his wife to keep it out of the reach of his creditors.

In rebuttal, the plaintiffs offered evidence to meet the case of the defendant upon the question of the validity of the deed to Mrs. Reynolds, and the case closed.

The court, REED, J., charged the jury and answered the points of the plaintiffs, in part as follows:

[The point for your consideration is a single one. It is whether Charles M. Reynolds conveyed the property or had the property conveyed to his wife, Jane M. Reynolds, for the purpose of putting that property beyond the reach of his creditors, and, among those creditors, one Samuel S. Richie.][5] The facts which will help you to a conclusion are these: That on February 10, 1857, this deed was made by the original owner of the property, Joseph H. Bonsall, to Jane M. Reynolds; on the same day or the following day, February 11th, a mortgage was made which provided for the improvement of this property, the Bonsalls, the grantors, advancing a certain amount of money to enable Mr. Reynolds, and Mrs. Reynolds, if you please, to put improvements upon this property; as a part of the improvement of that property, on May 11th and on June 13th of the same year there was purchased from Samuel S. Richie a certain amount of lumber; Samuel S. Richie, by his own bill, appears to have trusted Charles M. Reynolds in the matter, and when the time came and he was not paid, he filed his lien and the property was sold, and it is under that proceeding that the title here is made. If it is defective at that point, the whole title falls. The title is no stronger than this point. [You will decide the question of fact by taking the testimony you have heard in the case, and taking the undisputed facts which appear by the records here and comparing them all together, to ascertain as a matter of fact whether Charles M. Reynolds did have that property conveyed to his

Charge of Court below.

wife, in order that it should be beyond the reach of Samuel S. Richie and these other creditors. I think there is nothing more in this case for you than that.] [5]

The plaintiffs ask me to charge you:

1. That the mechanics' lien filed by Samuel S. Richie against Jane M. Reynolds, does not bind her estate, as it does not set forth the fact of coverture.

Answer: That point I will affirm. The question is whether this estate was the husband's estate.

2. A mechanics' claim filed against the real estate of a married woman is worthless, unless it appears on the face of the claim that the materials were furnished and the work done at her request, or on her contract.

Answer: I affirm that also.

3. A mechanics' claim filed against a married woman as owner and her husband as contractor, without evidence to show her written consent authorizing her husband to incumber her real estate, is void.

Answer: Affirmed.

4. A judgment against a married woman which does not show her liability on its face is void.

Answer: I affirm that.

5. When a married woman is the owner of a piece of real estate, and a mechanics' lien is filed against said real estate, which lien is void upon its face, and a writ of scire facias is issued upon said lien and returned nihil as to said married woman, and a judgment entered thereon for want of an affidavit of defence and a levari facias, such sale passes no title to the purchaser.

Answer: Taking that with what I have said on previous points, I affirm that also. [7]

\*    \*    \*    \*    \*    \*    \*    \*

The verdict of the jury was in favor of the defendant. A rule for a new trial being discharged and judgment entered on the verdict, the plaintiffs took this writ specifying as errors, inter alia:

1. The admission of plaintiffs' offer.[1]

5. The parts of the charge embraced in [ ] [5]

7. The answer to the plaintiffs' 5th point.[7]

*Mr. E. Cooper Shapley*, for the plaintiffs in error:

Did the sheriff's sale under the mechanics' lien divest the title of Jane M. Reynolds? If it did, the verdict and judgment are correct. If it did not, the admission of the mechanics' lien and the charge of the court were wrong.

1. The judgment on the mechanics' claim was void, and a sale under it passed no title to the purchaser, because (*a*), the record of Mrs. Reynolds' title shows that she was a married woman, and (*b*), the mechanics' claim does not show her covertture and aver that the work and materials were done and furnished by her authority and consent. Every man is bound to take notice of a record which is the foundation of his title: Messinger v. Kintner, 4 Binn. 97; Banks v. Ammon, 27 Pa. 172; Koons v. Hartman, 7 W. 20; Goepp v. Gartiser, 35 Pa. 130; and the doctrine of caveat emptor applies with full force to a purchaser at sheriff's sale: Smith v. Painter, 5 S. & R. 225; Friedly v. Scheetz, 9 S. & R. 162; Auwerter v. Mathiot, 9 S. & R. 403; Weidler v. Bank, 11 S. & R. 134; McLaughlin v. Shields, 12 Pa. 283.

2. In order to bind a wife's property by a mechanics' lien, the claim must show her coverture, and that the work, etc., was by her authority and consent; the divestiture of her title must depend upon the record, and not upon proof of her consent to the contract under which the claim was filed: Finley's App., 67 Pa. 453; Dearie v. Martin, 78 Pa. 55; Lloyd v. Hibbs, 81 Pa. 306; Schriffer v. Saum, 81 Pa. 385. But it is contended that the claim having been filed against Jane M. Reynolds as owner, it was sufficient even though she was not served, because the lien does not show she was a married woman, and that for all purposes it shows a competent owner of record against whom a lien could be filed. Hartman v. Ogborn, 54 Pa. 120, relied upon, does not sustain this position. In Simons v. Kern, 92 Pa. 455, approving Soullier v. Kern, 69 Pa. 16, it was held that a sheriff's sale of real estate, without notice to the registered owner, was void. If a purchaser is bound to look to a statutory regulation as to method of procedure, how much greater the duty to know that there is a title in the defendant to sell?

3. The judgment on a scire facias upon a lien, is only an award of execution, and unless the lien is properly filed no

title passes: Anshutz v. McClelland, 5 W. 491; Carey v. Wintersteen, 60 Pa. 398. It does not strengthen the purchaser's position that the wife was named in the lien. There was no service on her, and even a terre-tenant not served may set up any defence in ejectment which he might have had to a scire facias: Mevey's App., 4 Pa. 80; Nace v. Hollenback, 1 S. & R. 540; Mather v. Clark, 1 W. 491. Instances of sales upon void judgments generally: Burd v. Dansdale, 2 Binn. 80; Nass v. Vanswearingen, 7 S. & R. 192; Wilson v. McCullough, 19 Pa. 77; Cash v. Tozer, 1 W. & S. 519; Dale v. Medcalf, 9 Pa. 108; upon void judgments against married women: Dorrance v. Scott, 3 Wh. 309; Caldwell v. Walters, 18 Pa. 79; Swayne v. Lyon, 67 Pa 436.

4. Other cases in which the property of married women is protected: Barto's App., 55 Pa. 386; Schlosser's App., 58 Pa. 495. Cases of merely erroneous judgments: Hays v. Shannon, 5 W. 548; Jermon v. Lyon, 81 Pa. 107; Heister v. Fortner, 2 Binn. 40; Gibson v. Winslow, 38 Pa. 49; Arnold v. Gorr, 1 R. 223; Warder v. Tainter, 4 W. 270; Evans v. Meylert, 19 Pa. 402; Duff v. Wynkoop, 74 Pa. 300; Shields v. Miltenberger, 14 Pa. 76; Overton v. Tozer, 7 W. 331. Cases of mere irregularity: Stackpole v. Glassford, 16 S. & R. 163; Springer v. Brown, 9 Pa. 305; Wilson v. Howser, 12 Pa. 109; Commonwealth v. Lelar, 13 Pa. 22; Foster v. Gray, 22 Pa. 9; Elliott v. McGowan, 22 Pa. 198; McFee v. Harris, 25 Pa 102; Insurance Co. v. Bank, 57 Pa. 388; Wilkinson's App., 65 Pa. 189; Vastine v. Fury, 2 S. & R. 434; Feger v. Kroh, 6 W. 294; Feger v. Keefer, 6 W. 297; Colley v. Latimer, 5 S. & R. 211; Allison v. Rankin, 7 S. & R. 269; Blythe v. Richards, 10 S. & R. 261.

*Mr. John G. Johnson* (with him *Mr. Hood Gilpin*), for the defendant in error:

Conceding that under Dearie v. Martin, 78 Pa. 55, the lien in this case was fatally defective, we must determine the effect of the judgment thereon, and of the sale by the sheriff under the levari facias upon that judgment. In Dearie v. Martin, supra, in Goepp v. Gartiser, 35 Pa. 130, in Finley's App., 67 Pa. 453, and in the other cases quoted by the plaintiffs, there was no judgment; and two things stand in the

plaintiffs' way in this case: (1) The judgment itself unreversed, cannot be questioned collaterally: (2) The sheriff's deed cannot be affected, even though the judgment be impaired.

1. It must be remembered that we are dealing, not with a judgment confessed by a married woman, in personam, but with a judgment in rem. In Dorrance v. Scott, 3 Wh. 300, and in Caldwell v. Walters, 18 Pa. 79, the judgments were in personam, and in both cases it appeared of record that the defendant was a married woman. In the present case, we are not dealing with a judgment upon a lien which was fatally defective, but with a judgment upon a lien which, as far as the record goes, was in all respects valid. As the record disclosed a valid lien and a regular judgment, the sheriff's vendee was not bound to look beyond them: Hartman v. Ogborn, 54 Pa. 120; Finley's App., 67 Pa. 453.

2. This court has frequently said, sometimes when considering liens against married women, that purchasers are not bound by facts dehors the record: Finley's App., 67 Pa. 453; Hartman v. Ogborn, 54 Pa. 120; Butterfield's App., 77 Pa. 197. How is it possible to distinguish these cases from the one before the court? In Hartman v. Ogborn, it did not appear that the mortgagor was married, but none the less it was a fact that she was married. In Butterfield's App., the fact of marriage was known. Upon the lien in the present case, the fact of marriage did not appear. But the proceedings upon a mortgage and upon a mechanics' lien are in rem, having for their object the same result, viz.: to bring about a judgment, that execution shall issue; and the law is settled that a judgment upon a married woman's mortgage, void because not executed in conjunction with her husband, is unimpeachable: Carey v. Wintersteen, 60 Pa. 398; Jermon v. Lyon, 81 Pa. 113; Duff v. Wynkoop, 74 Pa. 304; Feger v. Kroh, 6 W. 296. The judgment in this case was not void. The court had jurisdiction of the res, and service upon the premises had been duly made: Miltimore v. Miltimore, 40 Pa. 155; Welty v. Ruffner, 9 Pa. 224; Warder v. Tainter, 4 W. 270; Evans v. Meylert, 19 Pa. 402; Cooper v. Reynolds, 10 Wall. 308; Hersch v. Groff, 2 W. & S. 449.

OPINION, MR. JUSTICE CLARK:

It is conceded that prior to February 10, 1857, the title in fee to the premises in dispute was in Joseph H. Bonsall; that on that day Bonsall conveyed the same to Jane M. Reynolds, wife of Charles M. Reynolds, the consideration expressed in the deed being $2,500; that Charles M. Reynolds died in the year 1878 and Jane M. Reynolds in 1881, and that the plaintiffs are her heirs-at-law.

On September 10, 1857, six months or more after the deed was recorded, Samuel S. Richie filed a mechanics' lien against the premises, designating Jane M. Reynolds as the owner or reputed owner, and Charles M. Reynolds as the contractor. There is no averment in the claim that Jane M. Reynolds was the wife of Charles, and, if there was, it is not alleged therein that the labor was done and the materials furnished upon her authority, or with her consent, or for the improvement of her separate estate. The claim was therefore fatally defective and void, and upon the trial of the scire facias the defendants, without doubt, upon a plea and due proof of coverture, would have been entitled to a judgment: Dearie v. Martin, 78 Pa. 55; Lloyd v. Hibbs, 81 Pa. 306; Schriffer v. Saum, 81 Pa. 385. But no plea of coverture was interposed on the trial of the scire facias; there was no appearance by the defendants, and judgment was entered for want of an affidavit of defence. The fact that Jane M. Reynolds was a feme covert was sufficient to invalidate the lien, but that fact does not appear either in the claim or in the pleadings on the scire facias issued upon it.

It has been held that a judgment on the bond of a married woman is as a general rule absolutely void, and a sale of her real estate upon it does not divest her title: Dorrance v. Scott, 3 Wh. 309; Caldwell v. Walters, 18 Pa. 79; Vandyke v. Wells, 103 Pa. 49. There are, of course, certain contracts affecting the enjoyment of her separate estate, or the support of her family, which a married woman may legally make: Lippincott v. Hopkins, 57 Pa. 328; Lippincott v. Leeds, 77 Pa. 420; Botts v. Knabb, 116 Pa. 28. The party with whom she thus contracts has a full remedy against her for the enforcement of his rights, and the judgment, whether by default, confession, or verdict, has all the leading characteristics of a judg-

ment against a person sui juris: Swayne v. Lyon, 67 Pa. 436. But every judgment in personam against a married woman, excepting where it is given under special circumstances for the purchase-money of real estate, which does not show her liability on its face, is void, even though it be confessed in open court upon a pending suit: Swayne v. Lyon, supra; Fenn v. Early, 113 Pa. 264; and as the judgment is absolutely void, it follows that a sale of her property upon it would be an invalid sale: Hecker v. Haak, 88 Pa. 239; Hugus v. Dithridge Glass Co., 96 Pa. 160.

A somewhat different rule would seem to have been applied, however, where the sale is upon a judgment obtained against a married woman on proceedings in rem. In Hartman v. Ogborn, 54 Pa. 120, a married woman executed a mortgage in her maiden name. A scire facias was subsequently issued against the mortgagor by that name, without joining her husband, and judgment was recovered on a return of two nihils. Upon a levari facias the land was sold by the sheriff, and in an ejectment by the wife against the purchaser, it was held that a scire facias on a mortgage is a proceeding in personam only as it is directed against a mortgagor, entitling him to the notice prescribed by law, but for the rest it is a proceeding in rem, to foreclose the equity of redemption and convert the pledge into money; that the transfer of the title is effected by the judgment and sale thereon, and not by the mortgage; that although the mortgage was undoubtedly void, yet the purchaser took a good title; and that the validity of the mortgage could not be inquired into in an ejectment for the mortgaged premises. "Neither the judgment nor the proceedings under it," said Chief Justice WOODWARD in that case, "have been questioned by a writ of error, a motion to open, or to set them aside in any other manner whatever, and the only question upon the trial of this cause was whether they could be impeached collaterally. . . . What avails the objection that the mortgage was null and void, or for any reason was inadequate as an instrument of transfer? The inadequacy of the mortgage might well have been urged against the suit by scire facias, but after that has been permitted to ripen into a judgment, the mortgage is merged in it and is no longer open to attack." In Butterfield's Appeal,

77 Pa. 197, Catharine Weyman, a married woman who had separated from her husband and had been declared a feme sole trader, executed a mortgage to Butterfield for property the title to which was in her name. A scire facias issued against her, and a judgment was recovered on the mortgage. The land was subsequently sold on a lien against both husband and wife. In the distribution of the proceeds of the sale the question was as to the right of Butterfield to participate. In the determination of that question, this court said: "If it be conceded that the wife had no power to execute the mortgage as a feme sole trader, and that the mortgage was void because the husband did not join with her in its execution, it does not follow that the judgment obtained against the wife on the mortgage was a nullity. On the contrary, the execution of the mortgage is conclusively established by the judgment in the scire facias upon it: Edmonson v. Nichols, 22 Pa. 74. The mortgage is merged in the judgment, and even if null and void, cannot be collaterally impeached: Hartman v. Ogborn, 54 Pa. 120. In this respect the judgment on a mortgage under the act of 1705, which is a proceeding in rem, differs from a judgment in personam on the bond of a married woman, which is absolutely void. Doubtless the judgment on the mortgage was voidable, and might have been set aside or reversed at the instance of the wife; but until directly avoided by her its validity cannot be inquired into or impugned collaterally, except for fraud: Lowber's Appeal, 8 W. & S. 387; Billings v. Russell, 23 Pa. 189; Yaple v. Titus, 41 Pa. 195. The judgment on the mortgage, then, cannot be disregarded, but must be treated as conclusive in this proceeding: Thompson's Appeal, 57 Pa. 175; if so, it bound the wife's interest in the land, and is entitled to so much of the fund as was produced by the sale thereof."

To the same effect is the very recent case of Michaelis v. Brawley, 109 Pa. 7, where it was held that the validity of a mortgage by a married woman, although so improperly and defectively acknowledged as to be void, cannot after judgment on the scire facias and sale of the mortgaged premises, be questioned in a collateral action of ejectment.

A mechanics' lien is not of necessity founded on any personal responsibility; the proceeding upon it is a proceeding in rem;

the claimant can only look for indemnity to the building which is incumbered by it: Sullivan v. Johns, 5 Wh. 366; Holden v. Winslow, 19 Pa. 449. No one is interested as defendant except as owner of the property against which the lien is sought to be established; for that only is chargeable with either debt or costs: Holden v. Winslow, supra; Dickinson College v. Church, 1 W. & S. 462. The same legal principles, which as against a married woman will give conclusive effect to a judgment and sale on an invalid mortgage, must by parity of reasoning, under similar circumstances, give like effect as against her to a regular judgment and sale on a mechanics' lien. In neither case, we think, can the conclusiveness of a judgment be called collaterally in question. In both cases the proceeding on the scire facias is strictly in rem, the defendants being entitled to notice only as they represent the ownership of the premises charged. In this case it does not appear in the claim filed that Jane M. Reynolds was the wife of Charles M. Reynolds; the former is designated as the owner, and the latter as the contractor. The scire facias is in the same form, and the judgment is so entered. The levari facias pursues the judgment, and the sale and conveyance by the sheriff is in accordance therewith. There was no motion to strike off the lien, no plea of coverture filed, no application to open the judgment or to stay the sale; in fact nowhere throughout the entire proceedings does it appear that Jane M. Reynolds was a married woman. The proceedings are regular throughout; they disclose a valid judgment and a regular sale. It is true the defendants were not personally served, but in practice the return of two nihils is equivalent to a return of scire feci: Hartman v. Ogborn, supra.

It is said, however, that although the fact that Mrs. Reynolds was a feme covert does not appear upon the record of the lien, or in the proceedings thereon, yet the conveyance by Bonsall on February 10, 1857, was made to Jane M. Reynolds, wife of Charles M. Reynolds, and was recorded ten days thereafter; and that Swanzey, the purchaser, must therefore be assumed to have had knowledge, by construction, of the marriage relation subsisting between them at the time of the sale. We do not understand the application of the principles stated, to be contingent upon any question of notice. The general prin-

ciple is, that a judgment of a court of competent jurisdiction cannot be questioned collaterally, unless for covin or collusion: Postens v. Postens, 3 W. & S. 127 ; such a judgment is conclusive of every fact on which it must necessarily have been founded : Farrington v. Woodward, 82 Pa. 259. Judgments in personam against married women, however, except under very special circumstances appearing upon the record, or where they are for purchase-money of real estate, have on grounds of public policy been declared void, although the fact of coverture may not be disclosed in the record, and a sale of her real estate thereon will confer no title. But that policy has never yet been extended to a sale of real estate upon a judgment regularly entered on proceedings in rem, against a defendant, who dehors the record, only, is shown to have been a married woman.

It is true that in the reasoning of the learned judge who delivered the opinion in Hartman v. Ogborn, supra, the question of notice is referred to as affecting the equity of the case, but the conclusiveness of the judgment, and the effect of an execution and sale upon it, is a matter wholly independent of any question of mere notice. This is fully illustrated in Butterfield's Appeal, supra, where the mortgage was made by a feme sole trader, as such, which of course implied the fact of coverture ; yet, notwithstanding this, it was held, that the due and proper execution of the mortgage was conclusively established by the judgment on the scire facias upon it. So in this case the judgment on the scire facias conclusively establishes the validity of the lien, and we are not to presume anything against the validity of the sale, if the judgment can be supported on any theory. Coverture at the date of the deed cannot, in the face of this judgment, impute the same disability at the filing of the claim, and we are not to assume the identity of the husband with the contractor, to invalidate a judgment which is conclusive on all questions of fact dehors the record.

We are of the opinion that the sheriff's sale divested the title of Jane M. Reynolds, and that the plaintiffs have exhibited no title which would entitle them to recover. In this view of the case, it is not necessary for us to consider the remaining assignments of error.

Judgment affirmed.