## Glass *versus* Warwick.

*Liability of Married Woman for Purchase-money of Real Estate.— Bond and Mortgage of, when valid.— Waiver of Twelve Months' Delay in issuing* scire facias.

1. A married woman bought land, received the deed and gave bond and mortgage, all in her own name alone, for the balance of the purchase-money, to be paid at the death of two annuitants, to whom the interest was to be paid annually during life. By condition in the bond, the principal could " be collected as if fully due," on default for six months in paying the interest. *Held,* that upon such default, the principal could be collected by suit upon the mortgage.

2. Though in strict law a married woman has no power to make such contracts, except when joined with her husband, yet, in order to prevent great injustice, they will be enforced in equity, and according to the necessities of common justice, rather than to the terms of the contract.

ERROR to the Common Pleas of *Juniata county*.

This was a *scire facias* brought to April Term 1861, by Robert Warwick against Ann Glass, on a mortgage which was given under the following circumstances :—

On the 9th of February, A. D. 1858, an article of agreement was entered into between Robert Warwick, Ann Warwick, and Mary Warwick of the one part, and Barnhard Glass of the other part, for a tract of land in Tuscarora township, containing ninety-eight acres. In consideration whereof, Barnhard Glass was to pay the sum of $950, as follows: $475 when the deed was made, and the remaining $475 to be and remain on the place ; the interest to be paid annually to Mary and Ann Warwick while they shall live as per will of Hugh Warwick.

[Glass *v.* Warwick.]

Either at the time or after this agreement was made, it was understood and arranged that Ann Glass, the wife of Barnhard Glass, should pay the money, and the deed be made to her. With this understanding, on the 1st day of April 1858, Michael Bashoar, her guardian, paid for her to Robert Warwick $475, the hand-money above mentioned. On the 9th day of October, A. D. 1858, Robert Warwick *et al.* executed and delivered to Ann Glass a deed for this land, "subject to the payment of a mortgage and two bonds of even date herewith for the sum of $519, part of the consideration-money." On this same day, Ann Glass, without the joining of her husband, executed two bonds and a mortgage for the same land described in deed to Robert Warwick ; the mortgage reciting that it was " for and in consideration of a certain debt or sum of $1038, and for the better securing the payment with interest unto the said Robert Warwick, his executors, administrators, and assigns, in discharge of two certain obligations under the hand and seal of the said Ann Glass, bearing even date herewith, whereby the said Ann Glass stands bound unto the said Robert Warwick in the sum of $1038, as follows, to wit : One-half conditioned for the payment of $44 in one year with interest, and the other conditioned for the payment to Ann and Nancy Warwick of $28.50, on the 1st of April 1859, and the like sum on the 1st of April annually thereafter, for and during the natural life of the said Ann and Nancy, or the survivor of them, and, at and immediately upon the death of the survivor of them, shall pay the said principal sum of $475 to Hugh Davis and Ellen Watson, or in case of the death of the said Hugh Davis without children, shall pay the whole to Ellen Watson (provided, that if the interest to Mary and Ann Warwick shall at any time remain unpaid more than six months after it is due, then the principal sum may be collected as if fully due), without any fraud or further delay, as in and by the said two recited obligations and the conditions, relation being thereunto had, may more fully and at large appear." The defendant, failing to pay the interest, $28.50, on the 1st day of April 1859, to Mary and Ann Warwick, and the bond of $44 to Robert Warwick, due on the 9th day of October 1859, plaintiff, *before* the expiration of one year, and *after* the expiration of six months, from the 1st day of April, A. D. 1859, the time when the first instalment of interest became due, issued this *scire facias* to recover the whole amount of the debt and interest. This was alleged by the defendant to be contrary to the Act of Assembly, and against the will of Hugh Warwick, referred to in the article of agreement made the 9th of February, A. D. 1858.

It was also contended by the defendant that the interest which was claimed in this suit was actually paid by an agree-

[Glass *v.* Warwick.]

ment between Robert Warwick and defendant, to take lime for
all that was due to him and Ann and Mary Warwick. In the
course of the trial, and before defendant had offered any evi-
dence, plaintiff below moved the court to amend the *scire facias*
so as to omit the $44 bond due 9th of October 1859, and
which was not due one year before the *scire facias* issued, and
limit his claim to the $475 and interest, which was allowed
by the court. Upon this state of the record, defendant con-
tended that any set-off or credits to be allowed here on account
of the lime was applicable to the interest on the $475. In
this view of the case the court (GRAHAM, P. J.) did not concur,
but, after stating the main facts of the case and the points raised
by the defence, charged the jury as follows:—

" There is a proviso in the mortgage and bond, that 'if the
interest to Mary and Ann Warwick shall at any time remain
unpaid more than six months after it is due, then the principal
sum may be collected as if fully due.'

" [The interest became due 1st of April 1859, and this *scire
facias* issued the 16th of December 1859, more than six months
afterwards. Under the provision in the mortgage, this *scire
facias* did not issue prematurely. The provision is, that 'the
principal sum may be collected.' If it may be collected, then
we see no reason why it may not be collected by *scire facias*.]

" [The second proposition, that a married woman cannot, with-
out her husband joining her, encumber her property by mortgage,
or sell or dispose of it, is, as a general proposition, correct, but
does not apply to cases of this kind, where a married woman
purchases real estate, and takes a bond in her own name, and
gives a mortgage to secure the purchase-money, she cannot hold
the land, and refuse to pay for it; and payment may be enforced
by a proceeding on the mortgage and sale of the land;] although
a married woman would not be personally responsible on her
bond or warrant in the mortgage, and the court would restrain
plaintiff to proceeding against the land purchased.

" [There is, therefore, nothing in law to prevent plaintiff from
recovering the amount claimed in this case.] But the defendant
alleges, that the plaintiff is her debtor on a contract to purchase
lime. The evidence as to this contract, and the amount, quality,
and value of the lime is conflicting. But if you are even satis-
fied that this contract was entered into, and that plaintiff would
be debtor to the defendant for the amount of lime contracted for,
the plaintiff alleges that it is paid for by the bond of $44 of de-
fendant, which has been given in evidence, and which the plain-
tiff does not claim to recover in this action of *scire facias*. [If
you find that the plaintiff was liable to defendant under his con-
tract to purchase lime, and this liability did not exceed the $44
bond, although the plaintiff *does not ask to recover it in the*

[Glass v. Warwick.]

present suit, it may be taken into consideration by you as a payment of defendant's claim for the lime. It is not using a set-off against a set-off, but using a bond as evidence submitted to you of payment and satisfaction of the claim for lime given in evidence by defendant as a set-off against the other bond secured by the mortgage, and which the plaintiff asks to recover in the present suit.] Besides this, Robert Warwick, the plaintiff, has no beneficial interest in the bond of $475 and interest which is claimed in this case. The mortgage is taken and suit brought in his name, but he is but a trustee in whose name the parties beneficially interested must bring suit. The interest of this sum of $475 is payable to Ann and Mary Warwick during their lives, and at their death the principal to Hugh Davis and Ellen Watson. But the bond of $44, which the plaintiff alleges will extinguish any claim upon him arising out of the lime contract, is payable to the plaintiff in his own right."

Under these instructions there was a verdict and judgment in favour of the plaintiff for $515. The case was thereupon removed into this court, where so much of the charge of the court below as is printed in brackets was assigned for error.

*A. & E. D. Parker*, for plaintiffs in error, argued, 1. That the *sci. fa.* was premature, inasmuch as, under the Act of Assembly, this cannot be done until twelve months after the money secured by the mortgage is due, which was not this case. That, although this limitation may be waived, the waiver must clearly appear and not be left to inference or construction: Huling v. Drexell, 7 Watts 126 ; Walker v. Tracy, 8 Leg. Int. 130. There was no such waiver in this mortgage.

2. Though Ann Glass cannot hold this land without paying the purchase-money, plaintiff cannot enforce it or a recovery of the land by proceeding on the mortgage. The deed to her was made " subject to the payment of a mortgage and two bonds of even date for $519, part of the consideration-money." The plaintiff's remedy was ejectment. A mortgage is a conveyance ; and no change in the manner of conveying lands is made by the Act of 1848. Her sole conveyance is void : Shinn v. Holmes, 1 Casey 142 ; Thorndell v. Morrison, Id. 326 ; Peck v. Ward, 6 Harris 506 ; Richards v. McClelland, 5 Casey 385.

3. The third is included in the foregoing.

4. The bond for $44 was withdrawn and not in evidence ; the court below was therefore wrong in charging as was done on this point. The proof on the part of defendant in relation to the lime was only applicable to the interest on the $475, and would have extinguished it. If thus applied there was no default in Ann Glass, and the principal sum did not become due. The consideration of this fact was withdrawn from the jury.

[Glass *v.* Warwick.]

*Edmund S. Doty,* for defendant in error.—The second error assigned may be considered first. It is not pretended that a married woman can convey her real estate by a deed in which her husband does not join. But a mortgage is not a conveyance. It is only a security for a debt: Craft for use *v.* Webster, 4 R. 255; Moore *v.* Shultz, 1 Harris 102; Wilson *et al. v.* Shoenberger's Executors, 7 Casey 295. Nor is it necessary that it should be created by deed. It may be by a written instrument not under seal: Woods *v.* Wallace, 10 Harris 176. A mortgage by *feme covert* for a debt due for repairs to her real estate was sustained in Wightman's Appeal, 5 Casey 280. And it is ruled in Patterson *v.* Robinson, 1 Casey 81, that where a married woman purchases real estate and takes the deed in her own name, she may secure the unpaid purchase-money by a judgment which will bind the property purchased. A mortgage has no other effect. Here the deed to Ann Glass was made "subject to the payment of the mortgage and bonds."

Can she waive the twelve months' delay allowed by law before the issuing of a *sci. fa.?* It is said in Patterson *v.* Robinson, that she may prescribe such terms and waive such privileges as she thinks proper to prescribe or waive, so long as her acts are essentially a part of the contract of sale, and bind nothing but the property sold. See also Black *v.* Galway, 12 Harris 18.

Was the waiver sufficient to authorize the issuing of the *sci. fa.?* Had there been a stipulation that the mortgagee might sue out a *sci. fa.,* &c., there could be no question. And the language employed, to wit, "that the principal sum may be collected as if fully due," would seem to be quite as clear. There is nothing left to inference or construction.

It is intimated that the remedy was misconceived. No reason is given why it should have been ejectment. The deed having been expressly "subject to the payment of the mortgage" cannot change the nature of the security nor the remedy to enforce it. Besides, ejectment is a very inconvenient remedy, because after possession recovered the mortgagee is still liable to the equity of redemption of the mortgagor. And it was mainly to cure this mischief that the Act of 1705 was passed, which gives a *sci. fa.* as a substitute for the chancery remedy by bill of foreclosure. It has always been held that a *sci. fa.* will lie just as if one year had expired from the day "whereon the mortgage-money ought to be paid."

The bond of $44 was payable to Robert Warwick. It was independent of the interest to Ann and Mary; and the proviso in the mortgage waiving the limitation allowed by law had respect to the non-payment of this interest; nothing else. It was totally immaterial, as respects the right of action, whether the bond was paid or not. Robert could make no contract to

[Glass *v.* Warwick.]

affect Ann and Mary; and the court might, very properly, have instructed the jury to disregard it altogether.

The lime contract was between Barnhard Glass and Robert Warwick. We were seeking to recover the interest of Ann and Mary in the mortgage made by Ann Glass. The defendant, attempted to show that they were paid with lime got by Robert from her husband. Our answer was, that Robert paid for that lime himself, and the jury found that he had. What difference whether he paid for it with money or with defendant's bond?

The opinion of the court was delivered, July 25th 1861, by

LOWRIE, C. J.—A married woman bought land, received the deed, and gave bonds and mortgage for a balance of the purchase-money, all in her own name alone. This balance was to be paid at the death of two women, annuitants, and during their life the interest was to be annually paid to them, and the bond says that, on default for six months in paying the interest, the principal "may be collected as if fully due," and the mortgage recites this fully, and of course the defeasance is that the mortgage estate shall be void on the performance of the conditions, of the bond, otherwise not; and the deed is made subject to the payments required by the bond and mortgage. There was a default of more than six months in paying the interest, and immediately thereafter this suit was brought on the mortgage.

In strict law a married woman has no power to make any such contracts, except when joined with her husband, and it is only by way of equity that they are enforced, and so as to prevent great injustice. And they are enforced rather according to the necessities of common justice, than according to the terms of the contract. If there was nothing but the contract to control the case, we might possibly relieve Mrs. Glass, on her paying up the arrears. But it would be great injustice to the other parties to put them under the necessity of annually appealing to court for their little annuity of $28.50. Since she will not pay the annuity punctually, she ought to pay the principal, so that the annuity can be better secured elsewhere. We understand that the meaning of the parties is that, on the specified delay and. default, the whole principal might be at once collected by suit, and this suit is the only one that can be brought that is available for the purpose, and it ought to avail.

Judgment affirmed.