## Buckby, Appellant, *v.* Sturtevant.

*Mortgage—Deed—Fraud on creditors—Terre-tenants.*

Where real estate is conveyed in fraud of creditors and as a part of the fraudulent transaction, the grantor takes back a mortgage conditioned for his maintenance for life, and a creditor disregarding the fraudulent conveyance, enters judgment against the grantor, sells the land at sheriff's sale; obtains and records his deed, and then conveys to a party who takes possession, such party when brought in as a terre-tenant by scire facias on the fraudulent mortgage, may defend against it, although strictly and legally speaking he is not a terre-tenant. Rowland v. Martin, 6 Atl. Repr. 223, and 4 Cent. Repr. 760, explained and followed.

Argued May 15, 1905. Appeal, No. 203, April T., 1905, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1902, No. 82, on verdict for defendant in case of Samuel Buckby to use of the directors of the poor of Erie County, now for use of A. E. Sisson v. J. C. Sturtevant, administrator of F. V. B. Thomas, deceased, with notice to J. C. Sturtevant et al. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur mortgage. Before WALLING, P. J.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Joseph M. Force,* with him *E. P. Gould,* for appellant.—
Only the debtor's subsequent grantee of the fee simple is a terre-tenant; Mitchell v. Hamilton, 8 Pa. 486 ; Dengler v. Kiehner, 13 Pa. 38 ; Tyrone, etc., Ry. Co. v. Jones, 79 Pa. 60 ; Hulett v. Life Ins. Co., 114 Pa. 142.

A judgment against one summoned as a terre-tenant, whose interest in the land was not bound by the lien of the judgment will not preclude such party from setting up his adverse title, in an ejectment brought by the sheriff's vendee : Mitchell v. Hamilton, 8 Pa. 486 ; Drum v. Kelly, 34 Pa. 415 ; Coulter v. Selby, 39 Pa. 358 ; Colwell v. Easley, 83 Pa. 31.

If there is any principle of law well established in the state of Pennsylvania, it is that an agreement, transfer or convey-

ance made for the purpose of defrauding creditors, while it may be void as to creditors, is good between the parties or their privies: Sherk v. Endress, 3 W. & S. 255; Eyrick v. Hetrick, 13 Pa. 488; Murphy v. Hubert, 16 Pa. 50; Bonesteel v. Sullivan, 104 Pa. 9; Ahl's Appeal, 129 Pa. 49; Gill v. Henry, 95 Pa. 388.

A suit in ejectment in defense of an adverse title is the recognized place of defending the same: Hulett v. Life Ins. Co., 114 Pa. 142.

*J. W. Sproul,* with him *P. C. Sheehan,* for appellee.—Where a debtor fraudulently conveys property with intent to defeat his creditors, equity will not assist him to procure a reconveyance: Hershey v. Weiting, 50 Pa. 240.

A purchaser of mortgaged premises who has as terre-tenant an opportunity to defend in an action upon the mortgage is concluded by the verdict: Schnepf's Appeal, 47 Pa. 37; Dauberman v. Hain, 196 Pa. 435; Hulett v. Mutual Life Insurance Company, 114 Pa. 142; Chase v. Brown, 22 Pa. C. C. Rep. 598.

It is hardly necessary to cite authorities on the proposition that the court below was clearly right in declaring the transaction between Buckby and Thomas a fraud upon creditors of Buckby who were cheated thereby and hence all the papers relating thereto were tainted with the fraud and invalid: Houseman v. Grossman, 177 Pa. 453; Reinheimer v. Hemingway, 35 Pa. 432; Geiger v. Welsh, 1 Rawle, 349; In re Wilson, 4 Pa. 430, 450; Shakely v. Guthrie, 2 Pa. Superior Ct. 414; Downing v. Gault, 8 Pa. Superior Ct. 52.

Where land is sold for the purpose of putting it out of the reach of the vendor's creditors and for this purpose a purchase money mortgage is taken, the mortgage cannot be enforced: Rowland v. Martin, 6 Atl. Repr. 223; Sauer v. Martin, 10 Kulp. 436; Nevil v. Heinke, 22 Pa. Superior Ct. 614.

OPINION BY MORRISON, J., June 17, 1905:

Samuel Buckby, a farmer, was on and prior to April 10, 1890, the owner, by deeds duly recorded, of several pieces of land in Erie county, Pennsylvania, and also the owner of various articles of personal property on and about his farms. On

April 10, 1890, he was indebted to several persons, evidenced by judgment notes which were not then entered as liens. One of his creditors was J. S. Skeels for borrowed money, evidenced by judgment note dated April 6, 1886, due one year after date, with interest, amount $185. On April 10, 1890, Samuel Buckby made a voluntary deed of conveyance of all of his real estate, and a bill of sale of all of his personal property to F. V. B. Thomas. This conveyance included the farm of forty-two acres embraced in the mortgage hereinafter referred to. As a part of the transaction Buckby took from said Thomas the mortgage on the said forty-two acres of land sought to be foreclosed in the present suit. The mortgage provided for the maintenance and support of Buckby during his life, the payment of his doctors's bills in case of sickness, his burial expenses, costs of a monument, etc. The said deed of conveyance to Thomas and mortgage from him to Buckby were duly recorded. On April 12, 1890, two days after the said conveyance and mortgage, J. S. Skeels caused judgment to be entered on his note against Samuel Buckby, to No. 534 February Term, 1890, for $194.25 and on execution duly issued thereon, the said forty-two acres of land, described in the said deed and mortgage, was sold by the sheriff and a deed was duly executed and delivered therefor to Charles M. Cross, executor of Skeels (Skeels having in the meantime died). This deed was duly recorded May 17, 1894.

This suit is a scire facias on said mortgage and all of the persons claiming title or interest in the said forty-two acres of land, under the deed from Samuel Buckby, of April 10, 1890, and the said sheriff's deed are made defendants and terre-tenants. It does not appear that the persons claiming under the deed of April 10, 1890, to Thomas have interposed any defense to this action. The defense is made by the persons claiming under the sheriff's deed who were summoned as terre-tenants and appeared and interposed their defense that the deed of April 10, 1890, was fraudulent and void because made to hinder, delay and defraud creditors of Samuel W. Buckby, and that the mortgage given by Thomas to Buckby of the same date, on which this suit is brought, was a part of the same transaction and that it is fraudulent and void.

At a trial of the issue the persons summoned as terre-tenants,

who claim under the sheriff's deed, offered the deed and mortgage in evidence and the transfer of all of Buckby's personal property and the notes and evidence of his indebtedness and proved to the satisfaction of the court, principally by record and written evidence, that Buckby conveyed, assigned and delivered all of the property he owned to Thomas on April 10, 1890, for the purpose of hindering, delaying and defrauding his creditors and that the claims of none of his creditors, and especially that of J. S. Skeels, were thereafter paid.

Upon this proof, it being undisputed, the learned court held, in effect, that the mortgage in suit was a part of the scheme to defraud the creditors of Buckby and that it was fraudulent and void as to Skeels and that the persons brought into court as terre-tenants could set up that fraud, and in short, the court directed the jury to find a verdict in favor of the defendants.

The contention of the counsel for the appellant is that the persons claiming title under the sheriff's deed are not terre-tenants in law and that they are not in position to attack the validity of the mortgage; that the plaintiff has a right to recover a judgment on the mortgage and, if he desires, to sell the land on the theory that it was conveyed to Thomas by the deed of April 10, 1890, and if the claimants under the sheriff's deed desire to test the validity of that conveyance and mortgage, they must do it in an action of ejectment. While the appellant has filed eleven assignments of error we think we have stated the substance of their position.

Strictly speaking we think the position taken that the persons claiming under the sheriff's deed are not terre-tenants is sound. A terre-tenant is one who has purchased the estate, mediately or immediately from the debtor, while it was bound by the judgment: Dengler v. Kiehner, 13 Pa. 38. See also Mitchell v. Hamilton, 8 Pa. 486; Tyrone & Clearfield Ry. Co. v. Jones, 79 Pa. 60. In the latter case it is said: "Terre-tenants, against whom, by the laws of Pennsylvania, it is necessary that a scire facias to revive the judgment be sued out, in order to preserve its lien, are those who have seizin of the land, those who are owners, or claim to be owners by title derived from the defendant in the judgment. There can be no terre-tenant, such as is intended by the act of 1798, who is

not a purchaser mediately or immediately, from the debtor while the land was bound by the judgment." See also Colwell v. Easley, 83 Pa. 31. Under these cases there seems to be much force in the appellant's position that the defendants under the sheriff's deed are not, in strictness, terre-tenants, they never having received any conveyance, mediately or immediately, from Buckby who it is conceded owned the land at and prior to April 10, 1890. On this branch of the case there is much force in the argument, that a judgment on the mortgage would not conclude the rights of the holders under the sheriff's deed, but that they could try the question of the fraudulent deed and mortgage of May 10, 1890, in an action of ejectment. But let this be conceded, for the argument's sake, and it does not follow that the defendants who claim under the sheriff's deed and were in possession and were summoned as terre-tenants to show cause why judgment and execution should not be had upon the mortgage, could not show that the mortgage was fraudulent and void. It is a cloud on the land conveyed to them under the sheriff's deed, and when they are summoned into court to show cause against it surely they could show that it had been paid, or that it was a forgery and that in truth and law nothing was ever due upon it. If this is so, it seems just as clear that they could show that it was fraudulent and void as they did show at the trial.

The learned court evidently based his ruling upon Rowland v. Martin, reported in 6 Atl. Repr. 223. This case is also reported in 4 Central Reporter, 760. The learned counsel for appellant says of that case that it does not appear what facts were established in the court below and he argues that it was probably decided on the ground that the maker of the mortgage was a married woman and her husband did not join with her in its execution. But the facts are quite fully found as reported in the Central Reporter. It there appears that the defendant's brother deeded land to her to defraud his creditors and she, a married woman, gave the mortgage in that suit in consideration of the conveyance. In the suit on the mortgage she set up coverture, and that the mortgage and deed constituted one transaction and were executed for the purpose of putting the land out of Rowland's hands, and beyond the grasp of his creditors. The fact was further found that the defend-

ant had knowledge of the purpose of Rowland in conveying the land to her and taking the mortgage in question. The court below entered judgment on the special verdict in favor of the defendant. From this judgment the plaintiff took the writ of error and the Supreme Court disposed of the case in the following opinion: "The specifications of error are not sustained. The plaintiff has no equity to invoke. The mortgage was given and accepted in furtherance of the specific purpose of putting the land out of the reach of the vendor's creditors. Courts will not relieve a party from the consequences of his intentional fraudulent act. In such a case equity will leave the parties in the position where they have knowingly and willfully placed themselves. Public policy forbids the intervention of the courts to relieve a fraudulent actor. Judgment affirmed." In view of this opinion it is difficult to understand how the learned counsel argues that the decision was on the ground of the coverture of the mortgagor. Certainly there is nothing in this opinion indicating a decision upon that ground. Moreover, it is not the law that the mortgage could not have been collected because of coverture, if the transaction had been honest. A married woman cannot hold the title to land conveyed to her and refuse to pay the mortgage or judgment given by her, to secure the purchase money: Glass v. Warwick, 40 Pa. 140; Patterson v. Robinson, 25 Pa. 81; Sawtelle's Appeal, 84 Pa. 306.

The learned counsel for the appellant says, in his argument: "If there is any principal of law well established in the state of Pennsylvania, it is that an agreement, transfer or conveyance made for the purpose of defrauding creditors, while it may be void as to creditors, is good between the parties or their privies." In support of this proposition he cites a number of cases which establish the principle, but does this principle rule our case? It is not one of the parties to the fraudulent transaction that is setting up the fraud in defense of the mortgage. It is the parties who claim to own the land by virtue of a sheriff's sale on a judgment obtained by one of the defrauded creditors, and now a party claiming the mortgage under one of the parties to its fraudulent making, seeks to recover a judgment on the mortgage against the land which is possessed and claimed under a title adverse to the fraudulent

title of May 10, 1890. This we think takes the case out of the rule invoked by the learned counsel. The mouth of these defendants is not closed to showing that the mortgage was fraudulent and void, and if it was, then Rowland v. Martin, 6 Atl. Repr. 223, expressly decides that the courts will not enforce a mortgage "given and accepted in furtherance of the specific purpose of putting the land out of the reach of the vendor's creditors." We regard that case as ruling the one under consideration and, therefore, the learned court was right in directing a verdict for the defendant, if the fraudulent character of the mortgage was sufficiently established.

There is an assignment of error raising this question and it has given us some trouble to determine whether or not the court erred in not submitting the question of fraud to the jury. But the evidence of the fraud is made out from records and written evidence, about which there is no dispute. There is verbal evidence that Buckby conveyed to Thomas all of the property he owned. As to this it is not disputed and we understand it to be one of the conceded facts in the case. If the fraudulent character of the transaction depended upon oral testimony it must be conceded that it should have gone to the jury. We will not be understood as deciding that this judgment concludes the parties claiming under the conveyance to Thomas from testing their title in an action of ejectment, if they so desire. What we do decide is that the fraudulent character of the transaction, as shown at the trial, was sufficient to warrant the court in holding that the plaintiff could not recover on the mortgage.

The assignments of error are all dismissed and the judgment is affirmed.